IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| W. R. GRACE & CO., et al., | ) | No._____ |
| | ) | Hon. Hon. Ronald L. Buckwalter |
| Debtors. | ) | United States District Judge |
| | ) | |
| | ) | |
| MARGARET CHAKARIAN, et al., | ) | Appeal from United States Bankruptcy |
| AND JOHN DOES 1-1000, | ) | Court for the District of Delaware |
| | ) | |
| Appellants, | ) | |
| | ) | Case No. 01-01139 (Jointly Administered) |
| v. | ) | Adversary No. A-01-771 |
| | ) | Hon. Judith K. Fitzgerald |
| W. R. GRACE & CO., et al. | ) | Chapter 11 |
| | ) | |
| Appellees. | ) | |

## DEBTORS' MOTION TO DISMISS APPEAL

Appellants (the "Libby Plaintiffs") have appealed the January 17, 2006 order of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") temporarily staying certain actions against the State of Montana while the Bankruptcy Court considers the merits of the Debtors' request to expand its preliminary injunction to include actions against the State of Montana. The Bankruptcy Court did not address the merits of any motions, and the Libby Plaintiffs merely appeal an order of a stay pending the court's ruling on the motions. For the reasons discussed below, the Stay Order is not "final" for purposes of appeal under 28 U.S.C. § 158, nor is it appropriately the subject of an interlocutory appeal. Accordingly, this Court should dismiss the Appeal.

### Background

On April 2, 2001 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under chapter 11 of the Bankruptcy Code. On the same day, the Debtors also filed an

K&E 10934099.4

adversary complaint seeking to stay asbestos-related litigation against various affiliates of the Debtors and third parties (the "Affiliated Entities") arising from alleged exposure to asbestos whether indirectly or directly caused by the Debtors.

A temporary restraining order was entered on the Petition Date enjoining the commencement or prosecution of asbestos actions against the Affiliated Entities. On May 3, 2001, the Bankruptcy Court issued a preliminary injunction barring the prosecution of currently pending actions against the Affiliated Entities. On January 22, 2002, the Bankruptcy Court entered an order expanding the scope of the preliminary injunction to include certain additional Affiliated Entities and reinstating the bar against commencement of new actions against Affiliated Entities.

To the best of the Debtors' knowledge, since the Petition Date, the State of Montana has been named as a defendant in approximately 120 separate actions involving the Debtors' Montana mining operations (the "Montana Actions"). A significant number of the Montana Actions were first brought separately against the Debtors and after the Petition Date, the actions were expanded to include the State of Montana. The remainder of the Montana Actions were filed directly against the State of Montana after the Petition Date, as the plaintiffs were precluded by the automatic stay from filing such actions against the Debtors.

On June 9, 2005, the State of Montana filed a motion seeking relief from the automatic stay in order to join the Debtors as third-party defendants in the Montana Actions. *See* Motion of State of Montana for Relief from the Automatic Stay (Docket No. 8582) (the "Lift Stay Motion"). The Lift Stay Motion was opposed by the Debtors, the Asbestos Property Damage Committee, the Asbestos Personal Injury Committee and the General Unsecured Creditors Committee.

On August 22, 2005, the Debtors filed a motion to expand the preliminary injunction to include actions against the State. *See* Debtors' Motion To Expand Its Preliminary Injunction To Include Actions Against The State Of Montana (Docket No. 359) (the "Injunction Motion"). Concurrent with the Injunction Motion, the Debtors filed a related motion for leave to file an amended complaint in the adversary proceeding, naming the plaintiffs in the Montana actions as defendants. *See* Plaintiffs' Motion for Leave to Amend Complaint (Docket No. 360) (the "Motion to Amend").

On December 19, 2005, the Bankruptcy Court heard arguments on the Injunction Motion, the Motion to Amend, and the Lift Stay Motion (collectively, the "Motions"). At the conclusion of the hearing, the Bankruptcy Court indicated that it would take the Injunction Motion and the Motion to Amend under advisement. The Bankruptcy Court also indicated that pending its ruling on the Injunction Motion and the Motion to Amend, the Montana Actions and all other similar actions that have been or may be brought against the State of Montana that arise from alleged exposure to asbestos indirectly or directly caused by the Debtors, shall be temporarily stayed. On January 17, 2006, the Bankruptcy Court memorialized its oral ruling by entering the Modified Order Regarding Debtors' Motion to Expand Its Preliminary Injunction to Include Actions Against the State of Montana (the "Stay Order"), which provides the following:

> ORDERED that pending the Court's ruling on the Injunction Motion and the Motion to Amend, the Montana Actions and all other similar actions that have been or may be brought against the State that arise from alleged exposure to asbestos indirectly or directly caused by the Debtors shall be temporarily stayed, so as to preserve the status quo pending resolution.
>
> The court notes that I orally ordered a stay of discovery in the Montana suits until I can address the injunction on the merits. I did not (and was not asked to) enter a TRO.

Stay Order, attached hereto as <u>Exhibit A</u>.

K&E 10934099.4

The Libby Claimants appeal from the Stay Order which enjoins them from prosecuting their tort claims against the State of Montana while the Court considers the Debtors' Injunction Motion and Motion to Amend, which are under advisement.

## Argument

### 1. The Stay Order Is Not a Final Order

Pursuant to 28 U.S.C. § 158(a)(1), district courts have jurisdiction to hear appeals from "final judgments, orders and decrees" of bankruptcy courts. An order is considered "final" when it resolves the issues before the court leaving no related issues for later determination. *See In re G-I Holdings, Inc.*, 318 B.R. 66, 73 (D. N.J. 2004) ("A decision in a bankruptcy matter is final when 'nothing remains for the [lower] court to do.'") (quoting *In re West Electronics Inc.*, 852 F.2d 79, 81 (3d Cir. 1988)); *In re Delaware and Hudson Ry. Co.*, 129 B.R. 388, 393 (D. Del. 1991) ("Generally, a final order is one which finally resolves a discrete set of issues, leaving no related issues for later determination."). In the present case, the Stay Order did not resolve any issues before the Bankruptcy Court. It serves the limited purpose of preserving the status quo while the Bankruptcy Court considers the Injunction Motion and the Motion to Amend.

The Stay Order clearly provides that unlike a temporary restraining order or a preliminary injunction, the Bankruptcy Court did not address the merits of any relief requested in the Motions. *See* Stay Order ("The court notes that I orally ordered a stay of discovery in the Montana suits until I can address the injunction on the merits. I did not (and was not asked to) enter a TRO."). Instead, the Stay Order merely orders a stay to preserve the status quo while the Bankruptcy Court considered the merits of the Motions.

The Third Circuit has repeatedly held that such stay orders are normally not final appealable orders because they merely delay proceedings in the suit. *See, e.g., Wilderman v. Cooper & Scully, P.C.*, 428 F.3d 474, 476 (3d Cir. 2005); *CTF Hotel Holdings, Inc. v. Marriott*

4

*Intern., Inc.*, 381 F.3d 131, 135 (3d Cir. 2004), *Spring City Corp. v. American Bldgs. Co.*, 193 F.3d 165, 171 (3d Cir. 1999); *Cofab, Inc. v. Philadelphia Joint Bd. Amalgamated Clothing & Textile Workers Union, AFL CIO- CLC*, 141 F.3d 105, 109-110 (3d Cir. 1998); *Marcus v. Township of Abington*, 38 F.3d 1367, 1370 (3d Cir. 1994); *Schall v. Joyce,* 885 F.2d 101, 104 (3d Cir. 1989); *Cheyney State College Faculty v. Hufstedler,* 703 F.2d 732, 735 (3d Cir. 1983); *see also Hoots v. Pennsylvania,* 587 F.2d 1340, 1346-47 (3d Cir. 1978) (noting that mere delay does not render an order final for purposes of appeal).

The narrow exception to this general rule, is where the stay order resolves the litigation. The Third Circuit Court of Appeals in *Marcus v. Township of Abington,* in examining the distinction between stays from which appeals may be taken and normal stays, held that a stay order is final and appealable in cases where it resolves the litigation. *See Marcus v. Township of Abington*, 38 F.3d at 1370 ("[A] stay order is final when the sole purpose and effect of the stay are precisely to surrender jurisdiction of a federal suit to a state court.") (quoting *Moses H. Cone Memorial Hosp. V. Mercury Const. Corp.*, 460 U.S. 1, 10 n.11 (1983)). Specifically, the Third Circuit concluded that:

> [a]ppellate review is inappropriate here because the stay entered by the district court merely delays the federal litigation and does not effectively terminate it. Unlike the situation in *Moses H. Cone*, the district court's stay will be lifted when the state criminal proceedings are concluded and the [claimants] will then receive the federal adjudication of their [] claims to which they are entitled."

*Id*; *see also CTF Hotel Holdings*, 381 F.3d at 135 ("We agree that a stay is usually not a final order because it provides only a temporary respite from litigation . . . However, when a stay amounts to an effective dismissal of the underlying suit, it may be subjected to appellate review.") (citations omitted); *Wheeling-Pittsburgh Steel Corp. v. McCune*, 836 F.2d 153, 158 (3d Cir. 1987) ("Although stay orders are usually not appealable, there is an exception where an

'indefinite stay order unreasonably delays a plaintiff's right to have his case heard.'") (quoting *Cheyney State College Faculty,* 703 F.2d at 735).

The Stay Order at issue does not fall within the exception to the general rule that stays are non-final. It does not effectively dismiss the Montana Actions, nor was it made for an indefinite length of time. *See Cheyney State College Faculty,* 703 F.2d at 735 (holding that stay was not a final order because "[t]he stay in this case does not have the practical effect of a dismissal. Nothing in the district court's opinion or order intimates that the stay was intended to 'deep six' the suit. Plaintiffs have not been put 'effectively out of court.'"). Rather than dismissing the Montana Actions, the Stay Order preserves the status quo in order to allow the Bankruptcy Court to consider the merits of the Motions. Furthermore, the Stay Order was made for a defined period of time -- the stay applies pending the Bankruptcy Court's ruling on the Motions. Accordingly the Stay Order is interlocutory.

## 2.    There Is No Basis To Grant Appeal of an Interlocutory Order

As demonstrated above, the Stay Order is interlocutory and not appealable under 28 U.S.C. § 158(a)(1). Nevertheless, 28 U.S.C. § 158(a)(3) provides district courts with the discretion to grant parties leave to appeal from "interlocutory orders and decrees." 28 U.S.C. § 158(a)(3). Parties seeking to appeal an interlocutory order under 28 U.S.C. § 158(a) must obtain leave of the district court. The Libby Claimants have failed to request leave to appeal the Stay Order. Accordingly, the Appeal should be dismissed on this basis alone. However, as discussed below, if this Court considers the merits of whether to permit leave to appeal the Stay Order, the Court must conclude that such request be denied and the Appeal dismissed.

In determining whether to grant leave to appeal an interlocutory order, courts within the Third Circuit employ the standards set forth in 28 U.S.C. § 1292(b) governing interlocutory appeals from district courts to the circuit courts of appeals. *See In re Edison Bro's. Stores, Inc.,*

1996 WL 363806, *3 (D. Del. 1996); *Dal-Tile Intern., Inc. v. Color Tile, Inc.*, 203 B.R. 554, 557 (D. Del. 1996). A court entertains an appeal of an interlocutory order under § 1292(b) only when the appellant establishes *exceptional circumstances* justifying a departure from the basic policy of postponing review until after entry of a final judgment. *See Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978) (appellant has burden of persuading court that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment"); *Edison Bro's. Stores*, 1996 WL 363806, *3 ("Although the concept of finality is accorded some measure of flexibility in the context of § 158(a)(1) appeals, apparently the same standard does not apply in the context of § 158(a)(3) interlocutory appeals. Thus, an appellant must establish that 'exceptional circumstances justify a departure from the basic policy of postponing review until after the entry of final judgment.'") (quoting *In re Delaware and Hudson Ry. Co.*, 96 B.R. 469, 472-73 (D. Del. 1989)); *Dal-Tile Intern.*, 203 B.R. at 557 ("Additionally, a court will entertain an appeal under section 1292(b) only when an appellant demonstrates that "exceptional circumstances justify departure from the basic policy of postponing review until after the entry of final judgment.")

In addition to the requirement of demonstrating an exceptional circumstance, under § 1292(b) an interlocutory appeal will be permitted only when the order at issue: (a) involves a controlling question of law upon which there is (b) substantial grounds for difference of opinion, and (c) when an immediate appeal from the order may materially advance the ultimate termination of the litigation. *See Edison Bro's. Stores*, 1996 WL 363806, *3; *Delaware and Hudson Ry. Co.*, 96 B.R. at 472.

In the present case, the Appeal should be denied under 28 U.S.C. § 158 because the Libby Claimants cannot demonstrate an exceptional circumstance for an appeal of the Stay

Order, nor can they demonstrate the requirements of § 1292(b). *First*, the Stay Order does not affect the merits of the Motions or the Montana Actions -- it merely delays litigation pending the Bankruptcy Court's decision on the Motions. *Second*, the Appeal does not involve a controlling question of law for which there are substantial grounds for difference of opinion. *Finally*, immediate appeal will not materially advance ultimate termination of the litigation because the Motions would still need to be decided even if the Libby Claimants prevailed on their Appeal.

Moreover, the Appeal should be dismissed because it may become moot by the time it is considered by this Court. *See Bachowski v. Usery,* 545 F.2d 363, 368 (3d Cir. 1976) ("The hostility towards piecemeal appeals expressed by the final judgment rule has a strong basis in logic and practicality. Forbidding appeals from all interlocutory judgments of the district courts achieves significant savings in time and resources on the part of litigants and courts. This is so since if litigation proceeds, the intermediate ruling may lose its significance ....") (citing *Radio Station WOW v. Johnson,* 326 U.S. 120, 123-24 (1945); 15 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3907 (1976)). Pursuant to the Bankruptcy Rules, briefing on the appeal will not be competed for another month and a half.[1] Because the Stay Order only issued a stay while the Bankruptcy Court considers the merits of the Motions, a decision on the Motions during this time frame would moot the Appeal.

---

[1] Under the Federal Bankruptcy Rules, the Libby Claimants have 15 days after entry of the appeal on the docket to file a brief. *See* Fed.R.Bank.P. 8009(a)(1). The Debtors then have 15 days to file a response brief. *See* Fed.R.Bank.P. 8009(a)(2). The Libby Claimants then have 10 days to file a reply brief. *See* Fed.R.Bank.P. 8009(a)(3).

K&E 10934099.4

WHEREFORE, for the foregoing reasons, the Debtors respectfully request that this Court dismiss the Appeal for lack of jurisdiction under 28 U.S.C. §158(a)(1) and decline to grant permission to appeal the interlocutory Stay Order under 28 U.S.C. §158(a)(3).

Dated: January 30, 2006

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Janet S. Baer
Salvatore F. Bianca
200 East Randolph Drive
Chicago, Illinois 60601
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

- and -

PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.

_/s/ James E. O'Neill_
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel for the Debtors and Debtors in Possession

# EXHIBIT A

Case 1:06-cv-00026-RLB     Document 9-2     Filed 02/01/2006     Page 1 of 3

K&E 10934099.4

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |
| | ) | |
| W. R. GRACE & CO., et al., | ) | |
| | ) | |
| Plaintiffs. | ) | |
| | ) | |
| -against- | ) | |
| | ) | Adversary No. A-01-771 |
| MARGARET CHAKARIAN, | ) | |
| ROBERT H. LOCKE, JACKIE | ) | |
| ELLISON, MARCIA ELLISON, | ) | |
| CARY YOUPEE, RUPPLE K. PERRY, | ) | Re: Docket Nos. 359, 360 and 8582 |
| THE STATE OF MICHIGAN, ALICE | ) | December 19, 2005 Agenda Items 5,6, and 7 |
| SMOLKER, GARY SMOLKER, | ) | |
| HOME SAVING TERMITE | ) | |
| CONTROL, GLORIA MUNOZ, | ) | |
| EXXON MOBILE CORPORATION | ) | |
| ET AL., AND JOHN DOES 1-1000, | ) | |
| | ) | |
| Defendants. | ) | |

*Modified* **ORDER REGARDING DEBTORS' MOTION TO EXPAND ITS PRELIMINARY INJUNCTION TO INCLUDE ACTIONS AGAINST THE STATE OF MONTANA**

Upon consideration of the *Debtors' Motion To Expand Its Preliminary Injunction To Include Actions Against The State Of Montana* (Docket No. 359) (the "Injunction Motion") and related *Plaintiffs' Motion for Leave to Amend Complaint* (Docket No. 360) (the "Motion to Amend"), and *Motion of State of Montana for Relief from the Automatic Stay* (Docket No. 8582) (the "Lift Stay Motion")(collectively the "Motions") and due and proper notice of the Motions having been given; objections having been filed, and the Court having heard arguments of counsel with respect to the Injunction Motion;, it is hereby

K&E 10903621.1

ORDERED that the Injunction Motion and the Motion to Amend are taken under advisement; and it is further

ORDERED that the Lift Stay Motion shall be held in abeyance pending ruling by this Court on the Injunction Motion; and it is further

ORDERED that in the event the Court grants the relief requested in the Injunction Motion and the Motion to Amend, the Lift Stay Motion shall be withdrawn without prejudice so long as such relief remains in effect; and it is further

ORDERED that in the event the Court denies the relief requested in the Injunction Motion and Motion to Amend, the Lift Stay Motion shall be set for hearing at the next Omnibus Hearing after the entry of the Order denying the Injunction Motion and the Motion to Amend; and it is further

ORDERED that pending the Court's ruling on the Injunction Motion and the Motion to Amend, the Montana Actions and all other similar actions that have been or may be brought against the State that arise from alleged exposure to asbestos indirectly or directly caused by the Debtors shall be temporarily stayed, *so as to preserve the status quo pending resolution. The court notes that I orally ordered a stay of discovery in the Montana suits until I can address the injunction on the merits. I did not (and was not asked to) enter a TRO.*

January 17, 2006

*Judith K. Fitzgerald*
Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

2

K&E 10903621.1

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |
| MARGARET CHAKARIAN, et al., | ) | Appeal from United States Bankruptcy |
| AND JOHN DOES 1-1000, | ) | Court for the District of Delaware |
| | ) | |
| Appellants, | ) | |
| | ) | |
| v. | ) | Adversary No. A-01-771 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | |
| | ) | |
| Appellees. | ) | |

**CERTIFICATE OF SERVICE**

I, James E. O'Neill, hereby certify that on the 30th day of January, 2006, I caused a copy of the following document to be served on the individuals on the attached service list(s) in the manner indicated:

**DEBTORS' MOTION TO DISMISS APPEAL.**

*/s/ James E. O'Neill*
James E. O'Neill (DE Bar No. 4042)

W. R. Grace Core Group Service List
Case No. 01-1139 (JKF)
Document Number: 27348
07 – Hand Delivery
11 – First Class Mail

(Counsel to Debtors and Debtors in Possession)
Laura Davis Jones, Esquire
James E. O'Neill, Esquire
Pachulski, Stang, Ziehl, Young & Jones
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

(Counsel to Debtors and Debtors in Possession)
Hamid R. Rafatjoo, Esquire
Pachulski, Stang, Ziehl, Young & Jones
10100 Santa Monica Boulevard, Suite 1100
Los Angeles, CA 90067-4100

(Copy Service)
Parcels, Inc.
Vito I. DiMaio
10th & King Streets
Wilmington, DE 19801

*Hand Delivery*
(Counsel to Official Committee of Unsecured Creditors)
Michael R. Lastowski, Esquire
Richard W. Riley, Esquire
Duane, Morris & Heckscher LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246

*Hand Delivery*
(Local Counsel to DIP Lender)
Steven M. Yoder, Esquire
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899

*Hand Delivery*
(Local Counsel to Asbestos Claimants)
Marla Eskin, Esquire
Mark T. Hurford
Campbell & Levine
800 North King Street, Suite 300
Wilmington, DE 19801

*Hand Delivery*
(Counsel for The Chase Manhattan Bank)
Mark D. Collins, Esquire
Deborah E. Spivack, Esquire
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

*Hand Delivery*
(Counsel for Property Damage Claimants)
Michael B. Joseph, Esquire
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

*Hand Delivery*
(United States Trustee)
David Klauder, Esquire
Office of the United States Trustee
844 King Street, Room 2311
Wilmington, DE 19801

*Hand Delivery*
(Equity Committee Counsel)
Teresa K. D. Currier
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

*First Class Mail*
(Counsel to Debtor)
James H.M. Sprayregen, Esquire
David B. Bernick, P.C.
Janet Baer, Esquire
Lori Sinanyan, Esquire
James Kapp, III, Esquire
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

*First Class Mail*
(W. R. Grace & Co.)
Mark Shelniz
W.R. Grace and Co.
7500 Grace Drive
Columbia, MD 21044

*First Class Mail*
(Official Committee of Unsecured Creditors)
Lewis Kruger, Esquire
Kenneth Pasquale, Esquire
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038-4982

*First Class Mail*
(Official Committee of Personal Injury Claimants)
Elihu Inselbuch, Esquire
Rita Tobin, Esquire
Caplin & Drysdale, Chartered
375 Park Avenue, 35th Floor
New York, NY 10152

*First Class Mail*
(Official Committee of Property Damage Claimants)
Scott L. Baena, Esquire
Member
Bilzin Sumberg Dunn Baena Price & Axelrod LLP
First Union Financial Center
200 South Biscayne Blvd, Suite 2500
Miami, FL 33131

*First Class Mail*
(Equity Committee Counsel)
Philip Bentley, Esquire
Thomas M. Mayer, Esquire
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036

*First Class Mail*
Peter Van N. Lockwood, Esquire
Julie W. Davis, Esquire
Trevor W. Swett, III, Esquire
Nathan D. Finch, Esquire
Caplin & Drysdale, Chartered
One Thomas Circle, N.W.
Washington, DC 20005

*First Class Mail*
(Counsel to Official Committee of Unsecured Creditors)
William S. Katchen, Esquire
Duane Morris LLP
744 Broad Street
Suite 1200
Newark, NJ 07102-3889

*First Class Mail*
(Counsel to DIP Lender)
J. Douglas Bacon, Esquire
Latham & Watkins
Sears Tower, Suite 5800
Chicago, IL 60606

*First Class Mail*
(Counsel to David T. Austern, Future Claimant's Representative)
Swidler, Berlin, Shereff, Freidman, LLP
Roger Frankel
Richard H. Wyron
Matthew W. Cheney
3000 K Street, NW, Suite 300
Washington, DC 20007

***First Class Mail***
(Counsel to David T. Austern, Future
Claimant's Representative)
Phillips, Goldman & Spence, P.A.
John C. Phillips, Jr.
1200 North Broom Street
Wilmington, DE 19806

W.R. Grace Preliminary Injunction 8/22/05 Service List
Case No. 01-01139
Document No. 111050
05 – First Class Mail

**First Class Mail**
Jon L. Heberling
Allan M. McGarvey
McGarvey, Heberling, Sullivan & McGarvey
745 South Main
Kalispell, MT 59901

**First Class Mail**
Tom L. Lewis
Lewis, Huppert & Slovak, P.C.
PO Box 2325
Great Falls, MT 59403-2325

**First Class Mail**
Erik B. Thueson
Thueson Law Office
PO Box 280
Helena, MT 59624

**First Class Mail**
Thomas A. Baiz, Jr.
Attorney at Law
PO Box 1828
Great Falls, MT 59403

**First Class Mail**
Kurt M. Jackson
Hoyt & Blewett, PLLC
PO Box 2807
Great Falls, MT 59403-2807


W.R. Grace 01/30/06 Supplemental Service List
Case No. 01-01139
Document No. 114835.1
11 – Hand Delivery
11 – First Class Mail

**HAND DELIVERY**
Mark J. Phillips, Esquire
Jeffrey C. Wisler, Esquire
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
PO Box 2207
Wilmington, DE  19899

**HAND DELIVERY**
Daniel B. Butz, Esquire
Gregory T. Donilon, Esquire
William H. Sudell, Jr. Esquire
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
PO Box 1347
Wilmington, DE  19899

**HAND DELIVERY**
Herbert W. Mondros, Esquire
Kevin Gross, Esquire
Rosenthal, Monhait, Gross & Goddess, P.A.
919 Market Street
Mellon Bank Center, Suite 1401
Wilmington, DE  19801

**HAND DELIVERY**
Bernard G. Conaway, Esquire
Fox Rothschild LLP
919 Market Street, Suite 1300
Wilmington, DE  19801

**HAND DELIVERY**
William E. Chipman, Jr., Esquire
Greenberg Traurig, LLP
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE  19801

**HAND DELIVERY**
David E. Wilks, Esquire
Buchanan Ingersoll PC
The Nemours Building
1007 N. Orange Street, Suite 1110
Wilmington, DE  19801

**HAND DELIVERY**
Kathleen M. Miller, Esquire
Smith, Katzenstein & Furlow LLP
The Corporate Plaza
800 Delaware Avenue
Wilmington, DE  19801

**HAND DELIVERY**
Steven K. Kortanek, Esquire
Klehr Harrison Harvey Branzburg & Ellers LLP
919 Market St., Suite 1000
Wilmington, DE  19801

**HAND DELIVERY**
Thomas D. Walsh, Esquire
McCarter & English, LLP
919 Market St., Suite 1800
Wilmington, DE  19801

**HAND DELIVERY**
Kevin J. Mangan, Esquire
Monzack and Monaco P.A.
1201 Orange Street, Suite 400
Wilmington, DE  19801

**HAND DELIVERY**
Adam G. Landis, Esq.
Kerri K. Mumford, Esq.
Landis Rath & Cobb, LLP
919 Market Street, Suite 600
Wilmington, DE  19801

**FIRST CLASS MAIL**
David B. Siegel
W. R. Grace and Co.
7500 Grace Drive
Columbia, MD  21044

**FIRST CLASS MAIL**
Robert J. Sidman, Esq.
Tiffany Strelow Cobb, Esq.
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street
PO Box 1008
Columbus, OH 43216

**FIRST CLASS MAIL**
Edward J. Longosz, II, Esq.
Laura G. Stover, Esq.
Eckert Seamans Cherin & Mellott, LLC
1747 Pennsylvania Avenue, NW, Suite 1200
Washington, DC 20006

**FIRST CLASS MAIL**
David S. Rosenbloom, Esq.
McDermott, Will & Emery
227 West Monroe Street
Chicago, IL 60606-5096

**FIRST CLASS MAIL**
Carl Pennicone, Esq.
Wilson Elser Moskowitz Edelman & Dicker LLP
150 East 42nd Street
New York, NY 10017-5639

**FIRST CLASS MAIL**
Daniel C. Cohn
Christopher M. Candon
Cohn Whitesell & Goldberg LLP
101 Arch Street
Boston, MA 02110

**FIRST CLASS MAIL**
Elizabeth deCristofaro, Esq.
Ford Marrin Esposito Witmeyer & Gleser, LLP
Wall Street Plaza, 23rd Floor
New York, NY 10005-1875

**FIRST CLASS MAIL**
David K. Foust, Esq.
3030 W. Grand Boulevard
10th Floor – Suite 200
Detroit, MI 48202

**FIRST CLASS MAIL**
Gary Smolker
Alice Smolker
4720 Lincoln Blvd., Suite 280
Marina del Rey, CA 90292-6977

**FIRST CLASS MAIL**
Brian Parker, Esq.
36 South Charles Street
Charles Center South
Suite 2200
Baltimore, MD 21201

**FIRST CLASS MAIL**
Michael S. Etkin, Esq.
Lowenstein Sandler P.C.
65 Livingston Avenue
Roseland, NJ 07068