IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| W. R. GRACE & CO., *et al.*, | ) | No. 06-26 |
| | ) | Hon. Hon. Ronald L. Buckwalter |
| Debtors. | ) | United States District Judge |
| | ) | |
| MARGARET CHAKARIAN, *et al.*, | ) | Appeal from United States Bankruptcy |
| AND JOHN DOES 1-1000, | ) | Court for the District of Delaware |
| | ) | |
| Appellants, | ) | |
| | ) | Case No. 01-01139 (Jointly Administered) |
| v. | ) | Adversary No. A-01-771 |
| | ) | Hon. Judith K. Fitzgerald |
| W. R. GRACE & CO., *et al.* | ) | Chapter 11 |
| | ) | |
| Appellees. | ) | |

## REPLY IN SUPPORT OF MOTION TO DISMISS APPEAL

As every first-year law student learns, a federal court cannot resolve a case or controversy without first ensuring that it has jurisdiction over the matter. *See, e.g., Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). For that reason, appellees W.R. Grace & Co. *et al.* (collectively "Grace" or "the debtor") filed a motion to dismiss this interlocutory appeal from a bankruptcy court order "temporarily stay[ing]" state-court actions in Montana "to preserve the status quo" pending a decision on the merits. 1/17/06 Order (attached to Motion to Dismiss). Rather than responding to that motion, however, the appellants (the so-called "Libby plaintiffs" whose Montana state-court actions were stayed) proceeded to file their appellate brief on the merits, addressing jurisdiction only in passing.

By arguing the merits of their appeal before this Court has had a chance to resolve Grace's threshold motion to dismiss the appeal for lack of jurisdiction, the Libby plaintiffs are seeking to put the cart before the horse. To prevent the Libby plaintiffs from manipulating the

briefing schedule to obscure the jurisdictional issue, Grace now files this reply brief addressing the jurisdictional argument in the Libby plaintiffs' brief.

The Libby plaintiffs' jurisdictional analysis is flawed from the outset. They begin their jurisdictional statement by asserting that "[t]his Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1292(a)(1), which provides this Court with jurisdiction of appeals from interlocutory orders 'granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions.'" Libby Pls.' Br. 1. That assertion is demonstrably incorrect. In relevant statutory text not quoted by the Libby plaintiffs, § 1292(a)(1) grants "the courts of appeals" jurisdiction over certain appeals from "[i]nterlocutory orders of the district courts of the United States." That is the beginning and the end of the matter: this Court, even when sitting in an appellate capacity in bankruptcy, is not one of the "courts of appeals," and the bankruptcy court is not one of the "district courts of the United States."

Contrary to the Libby plaintiffs' assertion, this Court's jurisdiction over this appeal is governed not by 28 U.S.C. § 1292, but instead by 28 U.S.C. § 158, which provides in pertinent part that:

(a) The district courts of the United States shall have jurisdiction to hear appeals

(1) from final judgments, orders, and decrees;

(2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and

(3) with leave of the court, from other interlocutory orders and decrees.

28 U.S.C. § 158(a); *see generally Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 252 (1992) ("Bankruptcy appeals are governed for the most part by § 158," except when taken from a district court to a court of appeals, in which case § 1292 also applies); *In re Resorts Int'l, Inc.*,

372 F.3d 154, 160 (3d Cir. 2004) ("The District Court had jurisdiction to review the Bankruptcy Court's order under 28 U.S.C. § 158. We [the court of appeals] have jurisdiction under 28 U.S.C. § 1292(b)."); *Landon v. Hunt*, 977 F.2d 829, 830 (3d Cir. 1992) ("The district court jurisdiction is from 28 U.S.C. § 158(a). Our [court of appeals] jurisdiction is from 28 U.S.C. § 158(d), and 28 U.S.C. §§ 1291 and 1292."); *In re Pruitt*, 910 F.2d 1160, 1164 (3d Cir. 1990) ("Appeals from orders of a bankruptcy judge are governed by 28 U.S.C. § 158(a).") Tellingly, § 158(a) does not contain a provision analogous to § 1292(a)(1), which grants the courts of appeals jurisdiction over interlocutory appeals from district court orders granting injunctions. Rather, with the exception of appeals from interlocutory orders under § 1121(d)—not applicable here—§ 158(a) grants district courts jurisdiction over interlocutory orders of the bankruptcy courts *only* "with leave of the [district] court." *See, e.g., In re Enron Corp.*, 316 B.R. 767, 770 (S.D.N.Y. 2004) ("This Court may not consider this appeal unless [1] the order being appealed from is final or [2] the Court grants leave to appeal an interlocutory order."). In other words, there is *no* appeal as of right to the district court under § 158(a) from a bankruptcy court order granting an injunction, whereas there *is* an appeal as of right to the court of appeals under § 1292(a)(1) from a district court order granting an injunction. *See, e.g., In re Kassover*, 343 F.3d 91, 95 (2d Cir. 2003) ("Congress has expressly vested discretion in district courts to decline to hear [an] appeal" from a bankruptcy court order granting an injunction); *In re Quigley Co.*, 323 B.R. 70, 76-79 (S.D.N.Y. 2005) (denying leave to appeal an injunction under § 158(a)(3)).

The Libby plaintiffs do not even try to argue that the district court's order "temporarily stay[ing]" their state-court actions while it decides whether to enjoin those actions is either (1) a "final judgment[], order[], [or] decree," 28 U.S.C. 158(a)(1), or (2) worthy of an interlocutory appeal "with leave of court," 28 U.S.C. § 158(a)(3). As plaintiffs themselves emphasize, the

bankruptcy court did not address the merits of the underlying injunction issue. *See* Libby Pls.' Br. 10 ("*Without reaching a decision on the merits of the Injunction Motion*, the Bankruptcy Court entered the Order, which, for all purposes, granted Grace the requested injunction.") (emphasis added); *id.* at 11 ("[T]he Bankruptcy Court issued an injunction *without passing on the merits of the Injunction Motion*.") (emphasis added); *id.* at 12 ("[T]he Order constitutes a preliminary injunction that was entered by the Bankruptcy Court *without any basis whatsoever*.") (emphasis added). Therefore, the appeal does not involve a controlling question of law. Rather, the bankruptcy court simply gave itself some "breathing room" to decide the underlying issue without undue time pressure. The bankruptcy court can be expected to rule on that underlying issue at any time; the Libby plaintiffs simply cannot establish that an immediate appeal of the temporary stay is either prudent or practical.

Instead, the Libby plaintiffs argue at length that the bankruptcy court's temporary stay order is the functional equivalent of an injunction. *See id.* at 1-2, 10-12. That argument, however, misses the point. Even if the order were characterized as an "injunction" rather than a "stay," the Libby plaintiffs still would not have an appeal as of right to this Court under § 158(a). The Libby plaintiffs base their contrary position entirely on two cases: (1) *In re Professional Ins. Mgmt.*, 285 F.3d 268 (3d Cir. 2002), and (2) *In re Reliance Acceptance Group, Inc.*, 235 B.R. 548, 553 (D. Del. 1999). Neither case provides any basis for this Court to ignore the plain language of the relevant statutes.

The Third Circuit in *Professional Insurance* held that a bankruptcy court turnover order is final and hence appealable as of right. *See* 285 F.3d at 280-82. In a footnote, the court then stated that "the District Court, sitting as an appellate court, was authorized to hear the appeal from the Bankruptcy Court as an appealable injunctive order under 28 U.S.C. § 1292(a)." *Id.* at

4

282 n.16. Because the Court had already concluded that the order was final, that statement is manifestly *dicta*, and unsupported *dicta* at that: the Third Circuit provided no authority for its startling and anti-textual suggestion that 28 U.S.C. § 1292(a) independently governs appeals from bankruptcy courts to district courts. Under settled Third Circuit law, of course, such unexamined *dicta* is not controlling. *See, e.g., Patel v. Sun Co., Inc.,* 141 F.3d 447, 462 n.11 (3d Cir. 1998) ("As *dictum,* there are many reasons why we should not give it weight here: (1) it may not have been as fully considered as it would have been if it were essential to the outcome; (2) sloughing it off in a new opinion will not affect the analytic structure of the original opinion; and (3) the *dictum* may lack refinement because it was not honed through the fires of an adversary presentation."). Indeed, to follow the *dicta* from the footnote in *Professional Insurance* would be to reject the long line of Third Circuit cases, noted above, recognizing that appeals to from the bankruptcy court to the district court are governed by § 158(a), while bankruptcy appeals from the district court to the court of appeals are governed by §§ 158(d), 1291, and 1292.

The Delaware District Court in *Reliance Acceptance*, for its part, began by acknowledging that "28 U.S.C. § 158(a) governs the [district] court's jurisdiction to review orders of the bankruptcy court." 235 B.R. at 553. The court then cited § 158(c)(2), which provides that "[a]n appeal under subsection (a) ... of this section shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts ...." The latter provision, the court suggested, implicitly incorporates § 1292(a) into § 158, apparently on the theory that the "manner" of taking an appeal from the district court to the court of appeals includes the ***grounds*** for taking such an appeal. That suggestion, for which the court provided no support, is meritless. The "manner" for taking an appeal refers to

5

the *procedures* for taking an appeal, not the grounds for taking an appeal. Were the law otherwise, then § 158(a) would be superfluous, because the bankruptcy statute would simply incorporate wholesale the grounds for appealability set forth in 28 U.S.C. §§ 1291 and 1292.

For this reason, district courts look to § 1292(b) for *guidance* in deciding whether to grant leave to appeal an interlocutory order under § 158(a)(3). *See, e.g., Enron*, 316 B.R. at 771; *In re Delaware & Hudson Ry. Co.*, 96 B.R. 469, 473 (D. Del. 1989). Needless to say, such "guidance" would be unnecessary if § 1292 by its own terms independently governed appeals from the bankruptcy court to the district court. "It would make little sense for the bankruptcy appeal statute to group preliminary injunctions with other interlocutory orders but intend for 'leave to appeal' these injunctions to be granted as of right simply because Section 1292 treats injunctions differently from other interlocutory orders." *Quigley*, 323 B.R. at 76-77. Indeed, where a district court declines, in the exercise of its discretion, to hear an appeal of a bankruptcy court order granting or denying an injunction, that decision is not appealable to the court of appeals. *See, e.g., Kassover*, 343 F.3d at 93-96.

Because the Libby plaintiffs can appeal the bankruptcy court's stay order only "with leave of the court," and the Libby plaintiffs cannot (and have not tried to) justify such "leave," this Court should dismiss the appeal for lack of jurisdiction.

6

Dated: February 7, 2006

                        KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Janet S. Baer
Salvatore F. Bianca
200 East Randolph Drive
Chicago, IL 60601
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

Christopher Landau
655 Fifteenth Street, N.W.
Washington, DC 20005
Telephone: (202) 879-5000
Facsimile: (202) 899-5200

- and -

PACHULSKI, STANG, ZIEHL, YOUNG,
JONES & WEINTRAUB P.C.

_/s/ Laura Davis Jones_____
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel for the Debtors and Debtors in Possession

7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| W. R. GRACE & CO., *et al.*, | ) | No. 06-26 |
| | ) | Hon. Hon. Ronald L. Buckwalter |
| Debtors. | ) | United States District Judge |
| | ) | |
| MARGARET CHAKARIAN, *et al.*, | ) | Appeal from United States Bankruptcy |
| AND JOHN DOES 1-1000, | ) | Court for the District of Delaware |
| | ) | |
| Appellants, | ) | |
| | ) | Case No. 01-01139 (Jointly Administered) |
| v. | ) | Adversary No. A-01-771 |
| | ) | Hon. Judith K. Fitzgerald |
| W. R. GRACE & CO., *et al.* | ) | Chapter 11 |
| | ) | |
| Appellees. | ) | |

**CERTIFICATE OF SERVICE**

I, James E. O'Neill, hereby certify that on the 7 day of February, 2006, I caused a copy of the following document(s) to be served on the individuals on the attached service list(s) in the manner indicated:

**Reply in Support of Motion to Dismiss Appeal.**

*/s/ James E. O'Neill*
James E. O'Neill (DE Bar No. 4042)

W. R. Grace Core Group Service List
Case No. 01-1139 (JKF)
Document Number: 27348
07 – Hand Delivery
11 – First Class Mail

(Counsel to Debtors and Debtors in Possession)
Laura Davis Jones, Esquire
James E. O'Neill, Esquire
Pachulski, Stang, Ziehl, Young & Jones
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

(Counsel to Debtors and Debtors in Possession)
Hamid R. Rafatjoo, Esquire
Pachulski, Stang, Ziehl, Young & Jones
10100 Santa Monica Boulevard, Suite 1100
Los Angeles, CA 90067-4100

(Copy Service)
Parcels, Inc.
Vito I. DiMaio
10th & King Streets
Wilmington, DE 19801

*Hand Delivery*
(Counsel to Official Committee of Unsecured Creditors)
Michael R. Lastowski, Esquire
Richard W. Riley, Esquire
Duane, Morris & Heckscher LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246

*Hand Delivery*
(Local Counsel to DIP Lender)
Steven M. Yoder, Esquire
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899

*Hand Delivery*
(Local Counsel to Asbestos Claimants)
Marla Eskin, Esquire
Mark T. Hurford
Campbell & Levine
800 North King Street, Suite 300
Wilmington, DE 19801

*Hand Delivery*
(Counsel for The Chase Manhattan Bank)
Mark D. Collins, Esquire
Deborah E. Spivack, Esquire
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

*Hand Delivery*
(Counsel for Property Damage Claimants)
Michael B. Joseph, Esquire
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

*Hand Delivery*
(United States Trustee)
David Klauder, Esquire
Office of the United States Trustee
844 King Street, Room 2311
Wilmington, DE 19801

*Hand Delivery*
(Equity Committee Counsel)
Teresa K. D. Currier
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

*First Class Mail*
(Counsel to Debtor)
James H.M. Sprayregen, Esquire
David B. Bernick, P.C.
Janet Baer, Esquire
Lori Sinanyan, Esquire
James Kapp, III, Esquire
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

*First Class Mail*
(W. R. Grace & Co.)
Mark Shelniz
W.R. Grace and Co.
7500 Grace Drive
Columbia, MD 21044

*First Class Mail*
(Official Committee of Unsecured Creditors)
Lewis Kruger, Esquire
Kenneth Pasquale, Esquire
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038-4982

*First Class Mail*
(Official Committee of Personal Injury Claimants)
Elihu Inselbuch, Esquire
Rita Tobin, Esquire
Caplin & Drysdale, Chartered
375 Park Avenue, 35th Floor
New York, NY 10152

*First Class Mail*
(Official Committee of Property Damage Claimants)
Scott L. Baena, Esquire
Member
Bilzin Sumberg Dunn Baena Price & Axelrod LLP
First Union Financial Center
200 South Biscayne Blvd, Suite 2500
Miami, FL 33131

*First Class Mail*
(Equity Committee Counsel)
Philip Bentley, Esquire
Thomas M. Mayer, Esquire
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036

*First Class Mail*
Peter Van N. Lockwood, Esquire
Julie W. Davis, Esquire
Trevor W. Swett, III, Esquire
Nathan D. Finch, Esquire
Caplin & Drysdale, Chartered
One Thomas Circle, N.W.
Washington, DC 20005

*First Class Mail*
(Counsel to Official Committee of Unsecured Creditors)
William S. Katchen, Esquire
Duane Morris LLP
744 Broad Street
Suite 1200
Newark, NJ 07102-3889

*First Class Mail*
(Counsel to DIP Lender)
J. Douglas Bacon, Esquire
Latham & Watkins
Sears Tower, Suite 5800
Chicago, IL 60606

*First Class Mail*
(Counsel to David T. Austern, Future Claimant's Representative)
Swidler, Berlin, Shereff, Freidman, LLP
Roger Frankel
Richard H. Wyron
Matthew W. Cheney
3000 K Street, NW, Suite 300
Washington, DC 20007

*First Class Mail*
(Counsel to David T. Austern, Future
Claimant's Representative)
Phillips, Goldman & Spence, P.A.
John C. Phillips, Jr.
1200 North Broom Street
Wilmington, DE  19806

W.R. Grace Montana Appeal Service List
Case No. 01-1139 (Adv No. A-01-771)
Doc. No. 115085
02 – Facsimile


*Facsimile – 302-467-4450*
(Counsel for Libby Claimants)
Adam G. Landis
Kerri K. Mumford
Landis Rath & Cobb LLP
919 Market Street, Suite 600
P.O. Box 2087
Wilmington, DE 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

*Facsimile – 617-951-0679*
(Counsel for Libby Claimants)
Daniel C. Cohn
Christopher M. Candon
Cohn Whitesell & Goldberg LLP
101 Arch Street
Boston, MA 02110
Telephone: (617) 951-2505
Facsimile: (617) 951-0679