IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 06-26 |
| W. R. GRACE & CO., et al., | ) | Hon. Ronald L. Buckwalter |
| | ) | United States District Judge |
| Debtors. | ) | (by special designation) |
| _____ | ) | |
| | ) | |
| MARGARET CHAKARIAN, | ) | |
| ROBERT H. LOCKE, JACKIE | ) | |
| ELLISON, MARCIA ELLISON, | ) | |
| CARY YOUPEE, RUPPLE K. PERRY, | ) | On Appeal from the United States |
| THE STATE OF MICHIGAN, ALICE | ) | Bankruptcy Court for the District |
| SMOLKER, GARY SMOLKER, | ) | of Delaware (Fitzgerald, J.) |
| HOME SAVING TERMITE | ) | Case No. 01-01139 |
| CONTROL, GLORIA MUNOZ, | ) | Adversary No. A-01-771 |
| EXXON MOBILE CORPORATION | ) | |
| ET AL., AND JOHN DOES 1-1000, | ) | |
| | ) | |
| Appellants, | ) | |
| | ) | |
| -against- | ) | |
| | ) | |
| W. R. GRACE & CO., et al., | ) | |
| | ) | |
| Appellees. | ) | |
| _____ | ) | |

**ANSWERING BRIEF OF THE STATE OF MONTANA**

Dated: March 3, 2006

Monzack and Monaco, P.A.
Francis A. Monaco, Jr. (# 2078)
Kevin J. Mangan (# 3810)
1201 North Orange Street, Suite 400
Wilmington, Delaware 19801
(302) 656-8162
and
Christensen, Moore, Cockrell, Cummings &
Axelberg, P.C.
Dale R. Cockrell
P.O. Box 7370
Kalispell, MT 59904
(406) 751-6003

# TABLE OF CONTENTS

INDEX OF AUTHORITIES ................................................................. ii

PROCEDURAL HISTORY AND BACKGROUND............................. 1

SUMMARY OF ARGUMENT........................................................... 3

STATEMENT OF FACTS.................................................................. 4

I.     THE COURT LACKS SUBJECT MATTER JURISDICTION TO
HEAR THIS APPEAL................................................................. 5

     A.     The Libby Claimants failed to seek necessary leave to appeal... 6

     B.     There is no final judgment, order or decree....................... 7

II.    THE BANKRUPTCY COURT HAS JURISDICTION TO ENJOIN
THE STATE LITIGATION ........................................................ 8

     A.     The Preliminary Injunction Should be Expanded to Enjoin
the State Litigation............................................................. 8

     B.     The State of Montana and Debtor Have an Identity of Interest
That Supports Expansion of the Preliminary Injunction... 11

III.   CONCLUSION............................................................................12

# **INDEX OF AUTHORITIES**

## **Cases**

In re American Film Technologies, Inc., 175 B.R. 847 (Bankr.D.Del. 1994) ...... 11

In re Combustion Engineering, 391 F.3d 190 (3d Cir. 2004) ................. 9, 10, 11

In re Federal-Mogul Global, Inc., 282 B.R. 301 (Bankr.D.Del. 2002)............... 9

Gerard v. W.R. Grace & Co., 115 Fed. Appx. 565 (3d Cir. 2004)............ 9, 10, 11

In re Market Square Inn, Inc., 978 F.2d 116 (3d Cir. 1992).......................... 7

Orr v. Montana, 106 P. 3d 100, 106 P. 3d 100 (Mont. 2004)....................... 1

Pacor, Inc. v. Higgins, 743 F.2d 984 (3d Cir. 1984).................................... 9

Wheeling-Pittsburgh Steel Corp. v. McCune, 836 F.2d 153 (3d Cir. 1987)......... 7

In re White Beauty View, Inc., 841 F.2d 524 (3d Cir. 1988) ..........................6

## **Statutes**

28 U.S.C. § 1292(a)(1)............................................................................. 5

28 U.S.C. § 158....................................................................................... 5, 6

11 U.S.C. § 524(g).................................................................................. 11

11 U.S.C. § 105....................................................................................... 11

## Procedural History and Background

On April 2, 2001 (the "Petition Date"), W.R. Grace & Co., Inc. ("Debtor") filed a petition for relief under Chapter 11 of the Bankruptcy Code. In re W.R. Grace, et. al., Chapter 11 Case No. 01-01139 (JKF). Debtor filed an adversary complaint concurrently with its petition, seeking, *inter alia*, a Preliminary Injunction. [Adversary Case D.I. 359, ¶ 3.] The bankruptcy court issued a temporary restraining order on April 2, 2001 [Id.], and subsequently entered the Preliminary Injunction requested by Debtor on May 3, 2001. [Id.]

Prior to and after the Petition Date, the Libby Claimants brought claims against Montana in the state courts in Lincoln, Cascade, and Lewis and Clark Counties in Montana (the "State Litigation"), seeking recovery against Montana for harm caused by exposure to asbestos as a result of Debtor's mining activities in Libby, Montana. [Adversary Case D.I. 363, p. 5.][1]

On June 9, 2005, Montana sought relief from the automatic stay (the "Stay Motion") "in order to name and liquidate claims against Grace." [Bankr. Case D.I. 8582, ¶ 18.] Specifically, Montana sought to add Debtor as a third-party defendant in order to assert its claims for contribution and indemnification against the Debtor.

On August 22, 2005, Grace filed an Injunction Motion seeking to expand the Preliminary Injunction to include the State Litigation. [Adversary Case D.I. 359.]

---

[1] The Libby Claimants provide a misleading description of Montana's liability to the Libby Claimants in their discussion of Orr v. State of Montana, 106 P. 3d 100 (Mont. 2004). The Montana Supreme Court in Orr did not find any breach of duty by Montana, and merely remanded the case to the fact-finder for a determination of whether any duty was breached, and, if so, whether that breach caused the damages at issue. The Libby Claimants' designation of Montana as a "recognized wrongdoer" in this context is incorrect.

On December 19, 2005, the bankruptcy court held a hearing on Debtor's Injunction Motion (the "Hearing"). [Bankr. Case D.I. 11473] At the conclusion of the Hearing, the bankruptcy court orally entered a stay [Bankr. Case D.I. 11473, p. 203:8], followed by entry of a written order on January 17, 2006 (the "Order") [Adversary Case D.I. 376.] On December 29, 2005, the Libby Claimants filed a Notice of Appeal of the December 19, 2005, ruling. [Adversary Case D.I. 373.] On January 19, 2006, the Libby Claimants then filed an Amendment to Notice of Appeal, explaining that the appeal was of the Order, which replaced and superseded the oral order announced by the bankruptcy court on December 19, 2005. [Adversary Case D.I. 378.]

## Summary of Argument

The State of Montana respectfully submits that this Court lacks subject matter jurisdiction to hear the Libby Claimants' appeal because the Order which is the subject of this proceeding is interlocutory, the Libby Claimants have no right of appeal for such an interlocutory order, and the Libby Claimants have made no request for leave from this Court in order to review the interlocutory order as required by statute and applicable Third Circuit decisions.

In the event this Court determines that it has subject matter jurisdiction to consider the Libby Claimants' appeal, and agrees that the Order was improperly issued, the proper relief for the Libby Claimants is to remand this matter to the bankruptcy court for a prompt decision on the merits of Debtor's Injunction Motion, not to address the underlying merits for the first time while the bankruptcy court's decision on the merits is pending.

Finally, in the event this Court determines that it has jurisdiction to consider the merits of Debtor's Injunction Motion, it should follow already established precedent within this adversary proceeding and grant Debtors an extension of the Preliminary Injunction in order to enjoin the State Litigation.

## Statement of Facts

Montana has been named as defendant in various state court actions currently pending in Lincoln County, Cascade County and Lewis and Clark County, Montana (the "State Litigation").

Many of the plaintiffs in the State Litigation (the "Libby Claimants") allege periods of employment with W.R. Grace and/or its predecessors ranging from 1947 through 1993.

The State Litigation relates to claims arising from the mining and processing of vermiculite containing asbestos within the state of Montana. The Libby Claimants in the State Litigation include former employees of W.R. Grace as well as their family members.

Montana denies that it is in any manner responsible for the events giving rise to the Libby Claimants' claims for relief set forth in the State Litigation, or for injuries and damages allegedly sustained by the Libby Claimants. If, however, liability is imposed on Montana as a result of the matters alleged in the State Litigation, such liability could only be remote and derivative from, or concurrent with, the acts and liabilities of Debtor.

## Argument

### I. This Court Lacks Subject Matter Jurisdiction to Hear this Appeal

The Libby Claimants mistakenly assert that this Court has jurisdiction to hear an appeal of the Order pursuant to 28 U.S.C. §1292(a)(1). Unfortunately for the Libby Claimants, 28 U.S.C. §1292 governs appeals from the district courts to the respective courts of appeals. In contrast, appeals from a bankruptcy court to the district court are governed by 28 U.S.C. §158. The clear language of 28 USC §158 provides in relevant part that the district courts have jurisdiction to hear appeals from: 1) final judgments, orders and decrees; and 2) with leave of the court, from interlocutory orders and decrees of bankruptcy judges.

Plaintiffs have acknowledged that the Order is not final, instead attempting to characterize the bankruptcy court having taken two matters under advisement and holding a third item in abeyance as a granting of a preliminary injunction. The bankruptcy court's order could not be more clear in refuting this characterization, as it expressly withheld judgment on the merits of the injunctive relief sought. Indeed, the bankruptcy court stated in the Order:

> ORDERED that pending the Court's ruling on the Injunction Motion and the Motion to Amend, the Montana Actions and all other similar actions that have been or may be brought against the State that arise from alleged exposure to asbestos indirectly or directly caused by the Debtors shall be temporarily stayed, **so as to preserve the status quo pending resolution. The court notes that I orally ordered a stay of discovery in the Montana suits until I can address the injunction on the merits. I did not (and was not asked to) enter a TRO.**

[Adversary Case D.I. 376, p.2, emphasis added.]

Given the bankruptcy court's clear language, and the analysis set forth below used by the Third Circuit in considering appeals of interlocutory orders, it is clear that any consideration of an appeal from the Order is premature and unwarranted at this time. The bankruptcy court may decide at any time on the merits of Debtor's request for injunctive relief, and in the event that court grants Debtor's requested relief, the Libby Claimants could then seek an appeal from this Court under 28 U.S.C. §158.

### A.   The Libby Claimants failed to seek necessary leave to appeal

The Third Circuit noted in In re White Beauty View, Inc., 841 F.2d 524 (3d Cir. 1988), that under 28 U.S.C. §158(a), a "district court may grant leave to appeal from interlocutory orders." Id. at 525. Thus, while the order at issue on appeal in White Beauty was found not to be final, the Court went on to consider the issue of whether leave had been granted to hear an appeal of an interlocutory order. In the case at bar, there is no record of a motion for leave to appeal, or an order allowing such an appeal. Rule 8001(b) requires that a notice of appeal of an interlocutory judgment or order must be accompanied by a motion for leave to appeal. In White Beauty, no such motion was filed, and as a result the Third Circuit found the district court had no jurisdiction to hear the appeal.

The Third Circuit in White Beauty also considered the question of whether the fact that the district court heard the appeal, even without the statutorily required motion and order of leave to appeal, implied a grant of leave to appeal. The Third Circuit found that such practice was not acceptable as it was in violation of the clear statutory provision. Thus, "litigants who wish to benefit from the statutory provision should abide by its requirements." Id. at 527.

B.  There is no final judgment, order or decree

In addition, the Third Circuit has set forth a balancing test for examining the issue of finality with respect to appeals of bankruptcy orders. See, In re Market Square Inn, Inc., 978 F.2d 116 (3d Cir. 1992). The factors set forth are: 1) the impact on the assets of the bankrupt estate; 2) the necessity for further findings on remand; 3) the preclusive effects of the decision on the merits on further litigation; 4) whether the interest of judicial economy would be furthered; and 5) whether delay in the final resolution of the matter would adversely affect the debtor's ability to reorganize. Id., at 120; also citing Wheeling-Pittsburgh Steel Corp. v. McCune, 836 F.2d 153, 158 (3d Cir. 1987).

On balance, the factors favor a determination that the Order is not final and therefore should not be subject to appeal at this time. In considering the necessity of further findings, it is important to note that the bankruptcy judge's order clearly provides that nothing has been decided with respect to the three motions that were the subject of the December 19, 2005, hearing: the Injunction Motion, the Motion to Amend, and the Lift Stay Motion. The first two items have been taken under advisement, and the last item is being held in abeyance until the bankruptcy court is able to rule on the Injunction Motion. Clearly the bankruptcy court intends to make, and at any time may make, further findings on the merits, and any appeal before such findings can be made, and a final ruling entered, is premature.

Similarly, a decision on the merits by this Court can hardly be possible given the bankruptcy court's acknowledgement that the motions at issue all must still be addressed on the merits. For this Court to attempt to have a hearing on the merits with respect to any of these items is impossible given the current status created by the bankruptcy court's

order. Even if this Court were to determine that it had jurisdiction to consider the Libby Claimants' appeal, the appropriate remedy is to send this matter back to the bankruptcy court to address the merits of the pending motions, as already contemplated and underway pursuant to the Order, not to allow the Libby Claimants to do an end run on the bankruptcy court by addressing the merits in this forum.

Judicial economy cannot be furthered by attempting to have this Court reverse an order from the bankruptcy court that has done nothing but "preserve the status quo" pending resolution of the motions before the court. Given the possibility that the bankruptcy court may issue its decision on the merits at any time, the Libby Claimants' premature appeal has created a scenario where there could be two different courts reaching contradictory conclusions on the same issues at approximately the same time. Clearly judicial economy will not be served by having this Court and the bankruptcy court consider the same issues simultaneously, with the resulting confusion and additional expenditure of judicial resources that would be required in the event the courts reach contradictory conclusions.

## II. The Bankruptcy Court has Jurisdiction to Enjoin the State Litigation

### A. The Preliminary Injunction Should be Extended to Enjoin the State Litigation

In the event the Court determines that it has jurisdiction to consider the Libby Claimants' appeal, and agrees with the Libby Claimants that the bankruptcy court's Order was in effect a decision on the merits, the Order should be upheld. The Third Circuit has already held, within this same adversary proceeding, that it had jurisdiction and confirmed an order that granted injunctive relief staying state court litigation

Document No. 52781                                                8

involving third-party defendants. Gerard v. W.R. Grace & Co., 115 Fed. Appx. 565 (3d Cir. 2004). The Libby Claimants attempt to circumvent Gerard by directing the Court to instead consider In re Combustion Engineering, 391 F.3d 190 (3d Cir. 2004), In re Federal-Mogul Global, Inc., 282 B.R. 301 (Bankr.D.Del. 2002), and Pacor, Inc. v. Higgins, 743 F.2d 984 (3d Cir. 1984). However, such misdirection is unavailing.

In Gerard, Debtor sought relief under 11 U.S.C. §105, requesting that actions brought by the Libby Claimants against Maryland Casualty Company ("MCC") allegedly based on MCC's independent liability, be enjoined. The Third Circuit found that it had jurisdiction to allow such injunctive relief as an extension of the previously issued order requested by the debtor and enjoining litigation against third parties in order to protect the bankruptcy estate. In so holding, the Third Circuit distinguished both Federal-Mogul and Pacor, both of which involved questions of whether a bankruptcy court had "related to" jurisdiction to remove pending state court litigation to the bankruptcy court for trial. The present case is identical to Gerard in that no request has been made to remove the pending state court litigation to the bankruptcy court, and thus "related to" jurisdiction is not the relevant issue. Rather, the relevant issue is whether the bankruptcy court has the authority to enjoin the Libby Claimants' state court proceedings against the State of Montana because Montana's liability is derivative of the Debtors. Just as the Third Circuit found in Gerard, the Libby Claimants' pending state court actions should be enjoined.

The Libby Claimants also mistakenly assert that Gerard was overruled by Combustion Engineering, and as a result, should not be relied upon as providing a basis for finding "related to" jurisdiction in order to support an injunction under 11 U.S.C.

§105. As the transcript from the December 19, 2005 bankruptcy court hearing indicates, the issue of the possible interplay of <u>Gerard</u> and <u>Combustion Engineering</u> was addressed by Debtors' counsel, who participated in both the <u>Gerard</u> litigation and the <u>Combustion Engineering</u> litigation. Moreover, the Third Circuit in <u>Gerard</u> found that jurisdiction existed not on the basis of "related to" jurisdiction but as a core proceeding relating to the bankruptcy estate. Debtor's counsel explained that the view of Combustion Engineering as overruling Gerard in any way is incorrect. As Debtor's counsel noted, the Third Circuit had both matters pending before it at the same time during mid-to late 2004. And because the Third Circuit had both cases before it simultaneously, it sought clarification from the parties to the <u>Gerard</u> litigation on whether that matter presented the same issue the Third Circuit was confronting in <u>Combustion Engineering</u>. As a result of this inquiry by the Third Circuit, the Court concluded that these cases did not present the same issue, and drew very clear and specific distinctions between them, with the essential difference for purposes of this matter being that <u>Gerard,</u> like the present case, does not present an issue of "related to" jurisdiction because the matter arose directly as a result of the bankruptcy debtor's efforts to expand the preliminary injunction, not as a result of MCC or the Libby Claimants seeking to remove the pending state court action to the bankruptcy court. [Bankr. Case D.I. 11473, pp. 193-194.]

Thus, the Libby Claimants' argument that "related to" jurisdiction must first be established if the Preliminary Injunction is to be applied to the State Litigation, and their reliance on <u>Combustion Engineering</u> for this assertion is misplaced. The Third Circuit carefully distinguished between the situation in <u>Combustion Engineering</u>, in which the debtors sought plan confirmation and establishment of a channeling trust pursuant to 11

U.S.C. § 524(g) which would provide relief for third-party non-debtors from asbestos litigation claims, and the facts of Gerard, where the Debtor sought expansion of a preliminary injunction in order to enjoin state court litigation against third parties with contribution and indemnification claims against the debtor. In Combustion Engineering, the Third Circuit found that both "related to" and subject matter jurisdiction had to be established independently, whereas in Gerard, jurisdiction was based on the Court's understanding that it was a core proceeding brought by the Debtor to protect the bankruptcy estate. Montana is in the same position as MCC in the Gerard case, and as a result, jurisdiction exists to extend the Preliminary Injunction to stay the State Litigation.

> B. The State of Montana and Debtors Have an Identity of Interest that Supports Expansion of the Preliminary Injunction

As indicated above, the appropriate standard in considering Debtor's Injunction Motion is whether such an injunction is warranted under 11 U.S.C. §105. Specifically, the appropriate analysis is that employed in In re American Film Technologies, Inc., 175 B.R. 847 (Bankr. D. Del. 1994), where the court found that where an identity of subject matter, issues and parties was involved, the pending state court litigation gave rise to indemnification claims against the debtor and exposed the debtor to collateral estoppel prejudice if it did not participate in the state court litigation. As a result, the court found that injunctive relief under 11 U.S.C. §105 was appropriate.

In the present case, in order for the Libby Claimants to establish liability on the part of Montana, it will be necessary to obtain discovery from the Debtor, as well as establish that there was malfeasance on the part of the Debtor. Thus, in order to establish an obligation on the part of Montana to the Libby Claimants, the Libby Claimants will have to show that Debtor's mining and other activities were causing harm, and that

Montana was aware of that harm. Any liability on the part of Montana is wholly derivative of Debtor's activities and disclosures to Montana. Debtor is thus an indispensable party to the State Litigation, and any liability that may be established, either on the part of Debtor or Montana, will arise from the same set of facts involving Debtor's activities in Libby, Montana. This is precisely the type of unity of subject matter, parties, and issues for which injunctive relief under 11 U.S.C. §105 is warranted.

### III. Conclusion

Based on the foregoing, either: 1) the Libby Claimants' appeal should be dismissed for lack of subject matter jurisdiction; 2) this matter should be remanded to the bankruptcy court for a determination on the merits; or 3) the bankruptcy court's order should be upheld and the Preliminary Injunction expanded to enjoin the State Litigation.

Respectfully submitted this 3rd day of March, 2006.

STATE OF MONTANA

By its attorneys,

Francis A. Monaco, Jr. (# 2078)
Kevin J. Mangan (# 3810)
Monzack and Monaco, P.A.
1201 North Orange Street, Suite 400
Wilmington, Delaware 19801
(302) 656-8162

and

Dale R. Cockrell, Esquire
Christensen, Moore, Cockrell, Cummings & Axelberg, P.C.
P.O. Box 7370
Kalispell, MT 59904
(406) 751-6003

## CERTIFICATE OF SERVICE

I, Kristie L. Dalton, certify that I am not less than 18 years of age, and that I caused service of the foregoing document to be made via hand delivery and U.S. Regular Mail on March 3, 2006 upon:

### SEE ATTACHED SERVICE LIST

Under penalty of perjury, I declare that the foregoing is true and correct.

Dated: March 3, 2006

*Kristie L. Dalton*

Document #: 5257

**HAND DELIVERY**
Laura Davis Jones, Esq.
James E. O'Neill, Esq.
Paula A. Galbraith, Esq.
David W. Carickhoff, Jr., Esq.
Pachulski, Stang, Ziehl, Young, Jones & Weintraub
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899
(Counsel to Debtors and Debtors in Possession)

David B. Siegel
W.R. Grace and Co.
7500 Grace Drive
Columbia, MD 21044
(W.R. Grace & Co.)

**HAND DELIVERY**
Michael R. Lastowski, Esq.
Richard W. Riley, Esq.
Duane Morris LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246
(Counsel to Official Committee of Unsecured Creditors)

David M. Bernick, P.C.
Janet S. Baer, Esq.
Lori Sinanyan, Esq.
James W. Kapp, III, Esq.
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601
(Counsel to W.R. Grace & Co., *et al.*)

William S. Katchen, Esq.
Duane Morris LLP
744 Broad Street, Suite 1200
Newark, NJ 07102-3889
(Counsel to Official Committee of Unsecured Creditors)

**HAND DELIVERY**
Frank J. Perch, Esq.
Office of the United States Trustee
844 King Street
Suite 2311
Wilmington, DE 19801
(United States Trustee)

Lewis Kruger, Esq.
Kenneth Pasquale, Esq.
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038-4982
(Counsel to Official Committee of Unsecured Creditors)

**HAND DELIVERY**
Mark D. Collins, Esq.
Deborah E. Spivack, Esq.
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
P.O. Box 551
Wilmington, DE 19899
(Counsel to The Chase Manhattan Bank)

**HAND DELIVERY**
Steven M. Yoder, Esq.
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
(Counsel to DIP Lender)

J. Douglas Bacon, Esq.
Latham & Watkins LLP
Sears Tower, Suite 5800
Chicago, IL 60606
(Counsel to DIP Lender)

**HAND DELIVERY**
Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801
(Counsel to Equity Committee)

Philip Bentley, Esq.
Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036
(Counsel to Equity Committee)

**HAND DELIVERY**
Mark J. Phillips, Esq.
Jeffrey C. Wisler, Esq.
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
(Counsel to Maryland Casualty Company)

Edward J. Longosz, II, Esq.
Laura G. Stover, Esq.
Eckert Seamans Cherin & Mellott, LLC
1747 Pennsylvania Avenue, N.W., Suite 1200
Washington, DC 20006
(Counsel to Maryland Casualty Company)

**HAND DELIVERY**
Marla Rosoff Eskin, Esq.
Mark T. Hurford, Esq.
Campbell & Levine, LLC
800 North King Street, Suite 300
Wilmington, DE 19801
(Counsel to the Official Committee of Asbestos Personal Injury Claimants)

Elihu Inselbuch, Esq.
Rita Tobin, Esq.
Caplin & Drysdale, Chartered
375 Park Avenue, 35th Floor
New York, NY 10152-3500
(Counsel to the Official Committee of Asbestos Personal Injury Claimants)

Scott L. Baena, Esq.
Bilzin Sumberg Baena Price & Axelrod LLP
First Union Financial Center
200 South Biscayne Blvd., Suite 2500
Miami, FL 33131
(Counsel to Property Damage Claimants)

**HAND DELIVERY**
Michael B. Joseph, Esq.
Ferry, Joseph & Pearce, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899
(Counsel to Property Damage Claimants)

Robert J. Sidman, Esq.
Tiffany Strelow Cobb, Esq.
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216
(Counsel to The Scotts Co.)

**HAND DELIVERY**
Daniel B. Butz, Esq.
Gregory T. Donilon, Esq.
William H. Sudell, Jr., Esq.
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(Counsel to The Scotts Co.)

David S. Rosenbloom, Esq.
McDermott, Will & Emery
227 West Monroe Street
Chicago, IL 60606-5096
(Counsel to National Medical Care, Inc.)

Daniel C. Cohn, Esq.
Cohn Whitesell & Goldberg LLP
101 Arch Street
Boston, MA 02110
(Counsel to Libby Plaintiffs)

**HAND DELIVERY**
Herbert W. Mondros, Esq.
Kevin Gross, Esq.
Rosenthal, Monhait, Gross & Goddess, P.A.
919 Market Street
Mellon Bank Center, Suite 1401
Wilmington, DE 19801
(Counsel to Continental Casualty)

Elizabeth deCristofaro, Esq.
Ford Marrin Esposito Witmeyer & Gleser, L.L.P.
Wall Street Plaza, 23rd Floor
New York, NY 10005-1875
(Counsel to Continental Casualty)

**HAND DELIVERY**
Bernard G. Conaway, Esq.
Fox Rothschild LLP
919 Market Street, Suite 1300
Wilmington, DE 19801
(Counsel to the Lanier Law Firm Asbestos Claimants)

**HAND DELIVERY**
William E. Chipman, Jr., Esq.
Greenberg Traurig, LLP
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801
(Counsel to ExxonMobile)

Carl Pennicone, Esq.
Wilson Elser Moskowitz Edelman & Dicker LLP
150 East 42nd Street
New York, NY 10017-5639
(Counsel to Royal)

Peter Van N. Lockwood, Esq.
Julie W. Davis, Esq.
Trevor W. Swett, III, Esq.
Nathan D. Finch, Esq.
Caplin & Drysdale, Chartered
One Thomas Circle, N.W.
Washington, DC 20005
(Counsel to the Official Committee of Asbestos Personal Injury Claimants)

John C. Phillips, Jr.
Phillips, Goldman & Spence, P.A.
1200 North Broom Street
Wilmington, DE 19806
(Counsel to David T. Austern)

**HAND DELIVERY**
David E. Wilks, Esq.
Buchanan Ingersoll PC
The Nemours Building
1007 N. Orange Street, Suite 1110
Wilmington, DE 19801
(Counsel to Gamma Holding, NV)


**HAND DELIVERY**
Kathleen M. Miller, Esq.
Smith, Katzenstein & Furlow LLP
The Corporate Plaza
800 Delaware Avenue
Wilmington, DE 19801
(Counsel to the Allen Plaintiffs)

Gary Smolker
Alice Smolker
4720 Lincoln Blvd., Suite 280
Marina del Rey, CA 90292-6977

**HAND DELIVERY**
Steven K. Kortanek, Esq.
Klehr Harrison Harvey Branzburg & Ellers LLP
919 Market St., Suite 1000
Wilmington, DE 19801
(Counsel to Carol Gerard)

Brian Parker, Esq.
36 South Charles Street
Charles Center South
Suite 2200
Baltimore, MD 21201
(Counsel to Carol Gerard)

**HAND DELIVERY**
Thomas D. Walsh, Esq.
McCarter & English, LLP
919 Market St., Suite 1800
Wilmington, DE 19801
(Counsel to James and Julie Holland)

Michael S. Etkin, Esq.
Lowenstein Sandler P.C.
65 Livingston Avenue
Roseland, NJ 07068
(Counsel to Keri Evans)

David K. Foust, Esq.
3030 W. Grand Boulevard
10th Floor – Suite 200
Detroit, MI 48202
(Counsel to the State of Michigan, Department of Corrections)

**HAND DELIVERY**
Kevin J. Mangan, Esq.
Monzack and Monaco P.A.
1201 Orange Street, Suite 400
Wilmington, DE 19801
(Counsel to the State of Montana)

Adam G. Landis, Esq.
Kerri K. Mumford, Esq.
Landis Rath & Cobb, LLP
919 Market Street, Suite 600
Wilmington, DE 19801