# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

In re:

W. R. GRACE & CO., *et al.*,

          *Debtors.*

MARGARET CHAKARIAN, *et al.*,
AND JOHN DOES 1-1000,

          *Appellants,*

v.

W. R. GRACE & CO., *et al.*

          *Appellees.*

No. 06-26
Hon. Ronald L. Buckwalter
United States District Judge
(by special designation)

On Appeal From The United States Bankruptcy Court
For The District of Delaware (Fitzgerald, J.)
Case No. 01-01139, Adversary No. A-01-771

## APPELLEES' BRIEF

David M. Bernick, P.C.
Janet Baer
Salvatore Bianca
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL  60601
(312) 861-2000

Christopher Landau
Erin Morrow
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, DC  20005
(202) 879-5000

Laura Davis Jones
James E. O'Neill
Pachulski, Stang, Ziehl, Young,
Jones & Weintraub LLP
919 N. Market Street, 17th Floor
Wilmington, DE 19899
(302) 652-4100

*Counsel for Appellees*

March 3, 2006

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................................... ii

INTRODUCTION ........................................................................................................ 1

STATEMENT OF JURISDICTION ............................................................................ 1

STATEMENT OF THE ISSUE .................................................................................... 1

STATEMENT OF THE CASE AND THE FACTS ..................................................... 2

ARGUMENT .............................................................................................................. 3

I.      The Temporary Stay Order Is Valid....................................................................... 3

    A.      The Stay Order Is Not A Temporary Restraining Order, So The Time Limitation On Such Orders Does Not Apply. .......................................................... 3

    B.      There Is Nothing Improper About The Bankruptcy Court Allowing For "Breathing Room" To Preserve The Status Quo Pending The Resolution Of The Injunction Motion. ...................................................................................... 5

    C.      Appellants Have Waived Any Objection To The Form Of The Injunction............ 5

II.     Even If The Temporary Stay Order Were Invalid, This Court Should Remand With Directions For The Bankruptcy Court To Resolve The Underlying Injunction Motion....................................................................................................... 7

    A.      This Court May Not "Review" An Order That Does Not Exist............................. 7

    B.      The Stay Order Should Be Left Intact Until The Bankruptcy Court Has An Opportunity To Reconsider Its Ruling. ................................................................. 8

CONCLUSION ......................................................................................................... 11

i

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Acree v. Republic of Iraq*,
   370 F.3d 41 (D.C. Cir. 2004) ........................................................................ 6

*Allied Mktg. Group, Inc. v. CDL Mktg., Inc.*,
   878 F.2d 806 (5th Cir. 1989) ................................................................. 9, 10

*Arbaugh v. Y&H Corp.*,
   __ U.S. __, 2006 WL 397863 (Feb. 22, 2006) ....................................... 6, 7

*Danny Kresky Enters. Corp. v. Magid*,
   716 F.2d 206 (3d Cir. 1983) ......................................................................... 6

*Educational Testing Services v. Katzman*,
   793 F.2d 533 (3d Cir. 1986) ..................................................................... 7, 9

*Granny Goose Foods, Inc. v. Brotherhood of Teamsters &*
   *Auto Truck Drivers Local No. 70*,
   415 U.S. 423 (1974) ................................................................................. 4, 5

*Hoblock v. Albany County Bd. of Elections*,
   422 F.3d 77 (2d Cir. 2005) ........................................................................... 8

*Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*,
   174 F.3d 411 (4th Cir. 1999) ........................................................................ 8

*In re Suprema Specialties, Inc. Sec. Litig.*,
   __ F.3d __, 2006 WL 408205 (3d Cir. Feb. 23, 2006) ................................. 6

*Inverness Corp. v. Whitehall Labs.*,
   819 F.2d 48 (2d Cir. 1987) ................................................................. 8, 9, 10

*Ortho Pharm. Corp. v. Amgen, Inc.*,
   882 F.2d 806 (3d Cir. 1989) ......................................................................... 5

*Polaroid Corp. v. Disney*,
   862 F.2d 987 (3d Cir. 1988) ......................................................................... 9

*Rolo v. General Dev. Corp.*,
   949 F.2d 695 (3d Cir. 1991) ....................................................................... 10

*Rosen v. Siegel*,
   106 F.3d 28 (2d Cir. 1997) ........................................................................... 9

ii

*Singleton v. Wulff,*
    428 U.S. 106 (1976) ...........................................................................................7

*Strozyk v. Norfolk Southern Corp.,*
    358 F.3d 268 (3d Cir. 2004) ..............................................................................7

*TEC Eng'g Corp. v. Budget Molders Supply, Inc.,*
    82 F.3d 542 (1st Cir. 1996) ..............................................................................10

*United States v. Cohen,*
    152 F.3d 321 (4th Cir. 1998) ............................................................................9

*United States v. Hovsepian,*
    359 F.3d 1144 (9th Cir. 2004) ..........................................................................8

*United States v. Marine Shale Processors,*
    81 F.3d 1329 (5th Cir. 1996) .......................................................................9, 10

*United States v. Microsoft Corp.,*
    147 F.3d 935 (D.C. Cir. 1998) ........................................................................10

*Viacom Inc. v. Ingram Enters. Inc.,*
    141 F.3d 886 (8th Cir. 1998) ............................................................................9

**Statutes and Rules**

28 U.S.C. § 1292(a) ............................................................................................9

28 U.S.C. § 1292(a)(1) ...................................................................................1, 3

28 U.S.C. § 158 ..................................................................................................1

Fed. R. Civ. P. 52(a) .......................................................................................6, 7

Fed. R. Civ. P. 65(b) ...........................................................................................3

Fed. R. Civl. P. 65(d) ......................................................................................6, 7

**Other Authorities**

Wright, Charles Alan *et al.,*
    *Federal Practice & Procedure* (2d ed. 1987) ..................................................4

## INTRODUCTION

Appellants are asking this Court, sitting in its appellate capacity in bankruptcy, to review an injunction that the Bankruptcy Court has not yet entered and may never enter. Thus, even assuming that this Court has jurisdiction over this appeal (an assumption that, in Grace's view, is unwarranted), the appeal is limited to the propriety of the order the Bankruptcy Court *actually* entered: the January 17 order temporarily staying appellants' lawsuits against the State of Montana while the Bankruptcy Court addresses the underlying injunction motion. Whether or not the Bankruptcy Court's temporary stay order is valid has nothing to do with whether the Bankruptcy Court is entitled to issue the underlying injunction that Grace is seeking. The bottom line here is that appellants cannot use this appeal as a Trojan horse to present this Court with the merits of the underlying injunction motion before the Bankruptcy Court addresses that issue in the first instance. For the reasons explained below, Grace believes that the Bankruptcy Court was entitled to enter the temporary stay, but even if it was not, the upshot is not that this Court should proceed to address the merits of the underlying injunction motion, but instead that the matter should be returned to the Bankruptcy Court.

## STATEMENT OF JURISDICTION

As explained in Grace's motion to dismiss, Grace believes that this Court lacks jurisdiction over this appeal under 28 U.S.C. § 158, which governs appeals from bankruptcy courts to district courts, and that 28 U.S.C. § 1292(a)(1) does not apply.

## STATEMENT OF THE ISSUE

The sole issue before this Court is whether the Bankruptcy Court abused its discretion by entering a temporary stay to give itself "breathing room" to preserve the status quo while addressing the merits of the underlying injunction motion.

## STATEMENT OF THE CASE AND THE FACTS

The factual and legal background for this appeal is set forth in the briefing on the motion to dismiss, and will be repeated only briefly here.

Appellants are plaintiffs in several lawsuits against the State of Montana involving alleged injuries relating to Grace's operation of a mine in Libby, Montana. Although Grace is not a named defendant in appellants' lawsuits, those lawsuits necessarily challenge Grace's conduct, and the prosecution of those lawsuits will have a deleterious effect on Grace. Accordingly, Grace filed a motion in its own bankruptcy proceeding in the U.S. Bankruptcy Court for the District of Delaware seeking to expand the injunction covering lawsuits against Grace to include appellants' Grace-based lawsuits against the State of Montana. Appellants opposed that motion; the State of Montana supported it.

The Bankruptcy Court held a hearing on the motion on December 19, 2005, but did not resolve the issue. Rather, at the conclusion of that hearing, the Bankruptcy Court indicated that it would take the injunction motion under advisement and then orally entered a temporary stay pending its ruling on the underlying injunction motion. [Bankr. Case D.I. 11473, p. 201:7-11.] On January 17, 2006, the Bankruptcy Court memorialized its oral ruling by entering the Modified Order Regarding Debtors' Motion to Expand its Preliminary Injunction. *See* 1/17/06 Order ("[Pending the Court's ruling on the [injunction motion] ... the [State Litigation and similar actions] shall be temporarily stayed, so as to preserve the status quo pending resolution [of the injunction motion.]")

2

## ARGUMENT

### I.    The Temporary Stay Order Is Valid.

#### A.    The Stay Order Is Not A Temporary Restraining Order, So The Time Limitation On Such Orders Does Not Apply.

Appellants argue that the temporary stay entered by the Bankruptcy Court is invalid because it lasted more than 20 days, and a Temporary Restraining Order ("TRO") cannot last longer than 20 days. *See* Appellants' Br. 10-12; Appellants' Resp. to Mot. Dismiss 5-9. That argument is a *non sequitur*. The Bankruptcy Court did not grant a TRO. *See* 1/17/06 Order ("I did not (and was not asked to) enter a TRO."). Thus, the procedural restrictions on TROs set forth in Rule 65(b) simply do not apply.

Indeed, appellants themselves insist that the January 17 order is not a TRO; instead, they characterize that order as a preliminary injunction. *See* Appellants' Br. 1-2, 10-12; Appellants' Resp. to Mot. Dismiss 6-9. That position is not surprising, given appellants' misplaced reliance on 28 U.S.C. §1292(a)(1), because a TRO is not appealable under 28 U.S.C. § 1292(a)(1), whereas a preliminary injunction is appealable under that provision. Appellants' position is therefore internally contradictory: they want the January 17 order to be a preliminary injunction for purposes of appealability, but they want the January 17 order to be a TRO for purposes of limited duration. Needless to say, appellants cannot have it both ways. If the January 17 order is an appealable preliminary injunction, then it is not subject to the 20-day limitation on TROs.

For appellants to establish that the January 17 temporary stay order is *appealable* as a preliminary injunction, in other words, is not for appellants to establish that the January 17 temporary stay order is *invalid* as a preliminary injunction. At bottom, appellants' argument appears to rest on the assumption that if the January 17 order does not meet the procedural requirements for a TRO, then it cannot meet the procedural requirements for a preliminary

3

injunction. That assumption is unwarranted. Congress imposed a 20-day time limit on TROs—but not on preliminary injunctions—precisely because TROs are unappealable, and because they are often issued *ex parte* and "without notice." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 438 (1974) (internal quotation omitted). Thus, it makes sense that TROs are subject to different procedural requirements than preliminary injunctions, and are of sharply limited duration. *See* 11A Charles Alan Wright, *et al.*, *Federal Practice & Procedure* § 2947 at 125-26 (2d ed. 1995) ("[C]are should be taken to distinguish preliminary injunctions under Rule 65(a) from temporary restraining orders under Rule 65(b). The latter may be issued *ex parte* without an adversary hearing ... and [is] of limited duration."). It simply does not follow, in other words, that an appealable preliminary injunction is subject to the same procedural requirements (and time limitations) as an unappealable TRO. To the contrary, as the leading treatise notes, preliminary injunctions "***normally*** last[] until the completion of the trial on the merits." *Id.* (emphasis added).

Appellants do not, and cannot, contend that the Bankruptcy Court here granted an *ex parte* TRO without notice. To the contrary, at the conclusion of the adversary hearing on December 19, 2005, the Bankruptcy Court indicated that it would take the underlying injunction motion under advisement and that it considered a temporary stay, pending its ruling on that motion, appropriate. [Bankr. Case D.I. 11473, p. 201:7-11.] Appellants were present, had an adequate opportunity to respond to, and ***did*** respond to, the Bankruptcy Court's stay order: they informed the Court that they would not assent to the stay. [Bankr. Case D.I. 11473, p. 201:1-7.] Moreover, the temporary stay order clearly spells out what is prohibited (actions brought against the State of Montana that arise from alleged exposure to asbestos indirectly or directly caused by Grace) and for how long (until the Bankruptcy Court rules on the underlying injunction request).

4

*See* 1/17/06 Order. As the Supreme Court explained in *Granny Goose*, when a court intends to stay proceedings for an "unlimited duration pending a final decision on the merits or further order of the court, it should issue an order clearly saying so." 415 U.S. at 444-45. The Bankruptcy Court did just that here.

### B.    There Is Nothing Improper About The Bankruptcy Court Allowing For "Breathing Room" To Preserve The Status Quo Pending The Resolution Of The Injunction Motion.

Appellants argue that a busy court may not issue a TRO to preserve the status quo pending resolution of the merits of an underlying injunction motion. *See* Appellants' Resp. to Mot. Dismiss 5-9. Again, that argument misses the point. By appellants' own reckoning, the January 17 temporary stay order must be construed as a preliminary injunction, rather than a TRO. And the very purpose of a preliminary injunction is to preserve the status quo to allow just such "breathing room." *See Ortho Pharm. Corp. v. Amgen, Inc.*, 882 F.2d 806, 813 (3d Cir. 1989) ("[P]reservation of the status quo represents *the goal* of preliminary injunctive relief in any litigation.") (internal quotation omitted; emphasis added). An order staying further litigation is "appropriate whenever the policy of preserving the court's power to decide the case effectively outweighs the risk of imposing the interim restraint before it has done so." *Id.* at 813-14. Indeed, the "most compelling reason" in favor of issuing a preliminary injunction is the one given by the Bankruptcy Court here—the need to "prevent the judicial process from being rendered futile" by a party's action or inaction. *Id.* at 813. (internal quotation omitted).

### C.    Appellants Have Waived Any Objection To The Form Of The Injunction.

Nor can appellants prevail by challenging the *form* of the Bankruptcy Court's temporary stay order, given that they never raised any such challenge below or in their opening appellate brief. It is axiomatic that reviewing courts "do not ordinarily consider issues which the parties have failed to raise below," *Danny Kresky Enters. Corp. v. Magid*, 716 F.2d 206, 214-15 (3d Cir.

5

1983), or in their opening brief on appeal, *see, e.g.*, *In re Suprema Specialties, Inc. Sec. Litig.*, __ F.3d __, 2006 WL 408205, at *22 n.17 (3d Cir. Feb. 23, 2006). These waiver rules exist for good reason. If appellants did not bring any concerns about the form of the January 17 order to the Bankruptcy Court's attention, or to this Court's attention in their opening appellate brief, they should not be allowed to raise such concerns for the first time in their reply brief in seeking to reverse that order: that would amount to "sandbagging" both the Bankruptcy Court and Grace. *See, e.g.*, *Danny Kresky*, 716 F.2d at 214 (holding that a litigant waives any right to complain about alleged noncompliance with Rules 52(a) and 65(d) where that procedural defect "could have been readily corrected had the matter been called to the [lower] court's attention"); *Suprema Specialties*, 2006 WL 408205, at *22 n.17 ("[I]t is well-settled in this court that an appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal.") (internal quotation omitted).

Compliance with Rules 52(a) and 65(d), in other words, is not "jurisdictional," and, like other alleged non-jurisdictional issues, may be waived by a litigant's failure to press the issue in the court of first instance and/or on appeal. If appellants never raise that issue, this Court would not have an obligation *sua sponte* to address it. *See, e.g.*, *Danny Kresky*, 716 F.2d at 214-15; *cf. Arbaugh v. Y&H Corp.*, __ U.S. __, 2006 WL 397863, at *6-8 (Feb. 22, 2006) (explaining that the universe of non-waivable "jurisdictional" objections is very narrow, and must be designated as "jurisdictional" by Congress); *Acree v. Republic of Iraq*, 370 F.3d 41, 58 (D.C. Cir. 2004) ("[N]on-jurisdictional defenses ... are waivable and ... courts generally do not permit parties to raise such issues for the first time on appeal."), *cert. denied*, 125 S. Ct. 1928 (2005). To the extent that *Educational Testing Services v. Katzman*, 793 F.2d 533, 537-38, 546-47 (3d Cir. 1986), suggests that compliance with Rules 52(a) and 65(d) is "mandatory" and non-waivable, it

6

conflicts with the Supreme Court's recent teaching in *Arbaugh* and hence is no longer good law. Furthermore, *Educational Testing* is readily distinguishable because the appellant there at least raised alleged non-compliance with Rules 52(a) and 65(d) in its opening appellate brief, and therefore did not perpetuate its lower-court waiver in the appellate court. The bottom line here is that appellants have waived any right to complain about any failure by the Bankruptcy Court to comply with Rules 52(a) and 65(d) in entering the temporary stay order at issue here.

## II.    Even If The Temporary Stay Order Were Invalid, This Court Should Remand With Directions For The Bankruptcy Court To Resolve The Underlying Injunction Motion.

Even if this Court were to conclude, notwithstanding all of the above, that the Bankruptcy Court's January 17 temporary stay order is invalid, the proper outcome would not be to address the merits of the underlying injunction motion in the first instance, but to send the issue back to the Bankruptcy Court. Thus, the bulk of appellants' brief, where they challenge a hypothetical Bankruptcy Court decision granting the underlying injunction motion, is beside the point.

### A.    This Court May Not "Review" An Order That Does Not Exist.

Appellate courts "axiomatically ... decline to pass on issues not decided by the lower court." *Strozyk v. Norfolk Southern Corp.*, 358 F.3d 268, 277 (3d Cir. 2004) (citation omitted); *id.* ("It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below.") (quoting *Singleton v. Wulff*, 428 U.S. 106, 120 (1976)). Here, the Bankruptcy Court did not reach the merits of the injunction motion but expressly withheld judgment on that score. *See* 1/17/06 Order (issuing a "temporar[y] stay" of the disputed actions "to preserve the status quo" pending resolution of the underlying motion). Appellants themselves, as they must, acknowledge this point. *See* Appellants' Br. 10 ("***Without reaching a decision on the merits*** of the Injunction Motion, the Bankruptcy Court entered the Order ....") (emphasis added); *id.* at 11 ("[T]he Bankruptcy Court issued an injunction ***without passing on***

7

*the merits* of the Injunction Motion.") (emphasis added); *id.* at 12 ("[T]he Order constitutes a preliminary injunction that was entered by the Bankruptcy Court *without any basis whatsoever*.") (emphasis added).

This appeal is thus nothing more than an attempt to get this Court, sitting in its appellate capacity in bankruptcy, to consider Grace's motion for a preliminary injunction in the first instance. That attempt has no basis in law or fact. If and when the Bankruptcy Court were to grant the proposed injunction, plaintiffs would be free to seek whatever review is appropriate at that time. *See, e.g., Inverness Corp. v. Whitehall Labs.*, 819 F.2d 48, 51 (2d Cir. 1987) (holding that where an improper injunction has issued, "the *only appropriate procedure* is to remand the case to the district court for a[n] explanation of its decision") (emphasis added).

**B.    The Stay Order Should Be Left Intact Until The Bankruptcy Court Has An Opportunity To Reconsider Its Ruling.**

Finally, even if this Court were to conclude that the January 17 temporary stay order is invalid and send the matter back to the Bankruptcy Court for resolution of the underlying injunction motion, it does not necessarily follow that this Court should vacate the January 17 order in the meantime.

To the contrary, "it is prudent to maintain the status quo pending the district court's reconsideration of its injunction ruling." *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 424 (4th Cir. 1999) (leaving "the injunction intact pending the district court's decision"); *see also Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 81 (2d Cir. 2005) ("[R]emand[ing] the case to the district court for further proceedings and leav[ing] the preliminary injunction in place."); *United States v. Hovsepian*, 359 F.3d 1144, 1157 (9th Cir. 2004) ("We leave the injunction in place, however, pending the conclusion of all proceedings in this case, in aid of the court's jurisdiction."); *United States v. Cohen*, 152 F.3d 321, 326 (4th Cir.

8

1998) (leaving defective injunction order intact on remand to permit further fact-findings); *Viacom Inc. v. Ingram Enters. Inc.*, 141 F.3d 886, 892 (8th Cir. 1998) ("[L]eav[ing] the injunction in place as a preliminary injunction, without prejudice to the district court revisiting the issue on remand."); *Rosen v. Siegel*, 106 F.3d 28, 33 (2d Cir. 1997) (same); *United States v. Marine Shale Processors*, 81 F.3d 1329, 1361 (5th Cir. 1996) ("We hold in place the injunctions and the conditions issued below and REMAND to allow the district court to exercise its discretion regarding their maintenance and for entry of explicit findings and conclusions."); *Allied Mktg. Group, Inc. v. CDL Mktg., Inc.*, 878 F.2d 806, 814 (5th Cir. 1989) (leaving the "preliminary injunction in place on the condition that the district court issue a supplementary opinion"]); *Inverness*, 819 F.2d at 51 ("We leave the preliminary injunction intact until the [lower] court has had the opportunity to spell out its decision"); *cf. Polaroid Corp. v. Disney*, 862 F.2d 987, 1007 (3d Cir. 1988) ("[R]emand[ing] with instructions that the court preliminarily enjoin Shamrock's tender offer ... until such time as the district court makes a final determination as to the appropriateness of an injunction."). To the extent that the Third Circuit's *Educational Testing* decision suggests that a reviewing court has no discretion to leave a procedurally defective preliminary injunction in place, 793 F.2d at 546-47, that decision is distinguishable, because it is expressly based on "the congressional purpose of affording prompt review of preliminary injunction orders expressed in 28 U.S.C. § 1292(a)," *id.* at 547, which by its plain terms does not apply to appeals from bankruptcy courts to district courts.

Here the equities weigh in favor of allowing the Bankruptcy Court to address any procedural infirmity in the January 17 order in the first instance: appellants had adequate notice of and an opportunity to respond to, in fact, *did* respond to, the stay order but failed to object to its form. Certainly, Grace should not be penalized for any procedural error committed by the

9

Bankruptcy Court. Indeed, vacating the temporary stay order at this point would leave Grace vulnerable to the very injury that the Bankruptcy Court sought to prevent. *See Marine Shale Processors*, 81 F.3d at 1360 ("We have discretionary power to leave the injunction in place, with or without the stay, while requesting the district court to issue a supplemental opinion.") (citation omitted); *United States v. Microsoft Corp.*, 147 F.3d 935, 944 (D.C. Cir. 1998) ("Appellate courts have … on occasion allowed a procedurally flawed injunction to remain in place pending a proper hearing on remand if the equities support such a disposition."). Without the injunction, appellants would be free to pursue their Grace-based claims, potentially mooting any future injunction in favor of Grace. *See id.* at 944-45. ("Silence at this stage would risk considerable waste of litigative resources.").

This Court may, of course, modify the Bankruptcy Court's temporary stay so that it expires within a reasonable time period, and/or remand with directions for the Bankruptcy Court to resolve the merits of the underlying injunction motion within that time. *See, e.g., TEC Eng'g Corp. v. Budget Molders Supply, Inc.*, 82 F.3d 542, 546 (1st Cir. 1996) (leaving the preliminary injunction in place as modified to expire two months from the issuance of the court's mandate); *Allied Mktg.*, 878 F.2d at 814 (leaving the "preliminary injunction in place on the condition that the district court issue a supplementary opinion making the findings of fact and conclusions of law required by this opinion not later than two months after the issuance of this court's mandate"); *Rolo v. General Dev. Corp.*, 949 F.2d 695, 704 (3d Cir. 1991) (remanding with "instructions to entertain promptly the Rolos's motion for a preliminary injunction"); *Inverness Corp.*, 819 F.2d at 51 (leaving the "preliminary injunction intact until the district court has had the opportunity to spell out its decision—a chore which, of course, we expect it to undertake with

10

alacrity—as it would be inequitable to punish Inverness for the district court's failure to make specific findings").

## CONCLUSION

For the foregoing reasons, as well as those set forth in Grace's motion to dismiss, this Court should dismiss the appeal for lack of jurisdiction, or, in the alternative, affirm the January 17 temporary stay order.

Wilmington, Delaware
Dated:  March 3, 2006

Respectfully submitted,

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Janet S. Baer
Salvatore Bianca
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

*And*

KIRKLAND & ELLIS LLP
Christopher Landau
Erin Morrow
655 Fifteenth Street, N.W.
Washington, DC 20005
(202)-879-5000

*And*

PACHULSKI, STANG, ZIEHL, YOUNG, JONES
& WEINTRAUB LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
(302) 652-4100

Co-Counsel for the Debtors and Debtors in Possession
*Counsel for Appellees*

11

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| W. R. GRACE & CO., *et al.*, | ) | No. 06-26 |
| | ) | Hon. Hon. Ronald L. Buckwalter |
| Debtors. | ) | United States District Judge |
| | ) | |
| | ) | |
| MARGARET CHAKARIAN, *et al.*, | ) | Appeal from United States Bankruptcy |
| AND JOHN DOES 1-1000, | ) | Court for the District of Delaware |
| | ) | |
| Appellants, | ) | |
| | ) | Case No. 01-01139 (Jointly Administered) |
| v. | ) | Adversary No. A-01-771 |
| | ) | Hon. Judith K. Fitzgerald |
| W. R. GRACE & CO., *et al.* | ) | Chapter 11 |
| | ) | |
| Appellees. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I, James E. O'Neill, hereby certify that on the 2ⁿᵈ day of March, 2006, I caused a

copy of the following document(s) to be served on the individuals on the attached service list(s)

in the manner indicated:

**Certification of Counsel Regarding [Proposed] Second Amended Case
Management Order.**

James E. O'Neill (DE Bar No. 4042)

W. R. Grace Core Group Service List
Case No. 01-1139 (JKF)
Document Number: 27348
07 – Hand Delivery
11 – First Class Mail

(Counsel to Debtors and Debtors in
Possession)
Laura Davis Jones, Esquire
James E. O'Neill, Esquire
Pachulski, Stang, Ziehl, Young & Jones
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

(Counsel to Debtors and Debtors in
Possession)
Hamid R. Rafatjoo, Esquire
Pachulski, Stang, Ziehl, Young & Jones
10100 Santa Monica Boulevard, Suite 1100
Los Angeles, CA 90067-4100

(Copy Service)
Parcels, Inc.
Vito I. DiMaio
10th & King Streets
Wilmington, DE 19801

*Hand Delivery*
(Counsel to Official Committee of
Unsecured Creditors)
Michael R. Lastowski, Esquire
Richard W. Riley, Esquire
Duane, Morris & Heckscher LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246

*Hand Delivery*
(Local Counsel to DIP Lender)
Steven M. Yoder, Esquire
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899

*Hand Delivery*
(Local Counsel to Asbestos Claimants)
Marla Eskin, Esquire
Mark T. Hurford
Campbell & Levine
800 North King Street, Suite 300
Wilmington, DE 19801

*Hand Delivery*
(Counsel for The Chase Manhattan Bank)
Mark D. Collins, Esquire
Deborah E. Spivack, Esquire
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

*Hand Delivery*
(Counsel for Property Damage Claimants)
Michael B. Joseph, Esquire
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

*Hand Delivery*
(United States Trustee)
David Klauder, Esquire
Office of the United States Trustee
844 King Street, Room 2311
Wilmington, DE 19801

*Hand Delivery*
(Equity Committee Counsel)
Teresa K. D. Currier
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

*First Class Mail*
(Counsel to Debtor)
James H.M. Sprayregen, Esquire
David B. Bernick, P.C.
Janet Baer, Esquire
Lori Sinanyan, Esquire
James Kapp, III, Esquire
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

*First Class Mail*
(W. R. Grace & Co.)
Mark Shelniz
W.R. Grace and Co.
7500 Grace Drive
Columbia, MD 21044

*First Class Mail*
(Official Committee of Unsecured
Creditors)
Lewis Kruger, Esquire
Kenneth Pasquale, Esquire
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038-4982

*First Class Mail*
(Official Committee of Personal Injury
Claimants)
Elihu Inselbuch, Esquire
Rita Tobin, Esquire
Caplin & Drysdale, Chartered
375 Park Avenue, 35th Floor
New York, NY 10152

*First Class Mail*
(Official Committee of Property Damage
Claimants)
Scott L. Baena, Esquire
Member
Bilzin Sumberg Dunn Baena Price &
Axelrod LLP
First Union Financial Center
200 South Biscayne Blvd, Suite 2500
Miami, FL 33131

*First Class Mail*
(Equity Committee Counsel)
Philip Bentley, Esquire
Thomas M. Mayer, Esquire
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036

*First Class Mail*
Peter Van N. Lockwood, Esquire
Julie W. Davis, Esquire
Trevor W. Swett, III, Esquire
Nathan D. Finch, Esquire
Caplin & Drysdale, Chartered
One Thomas Circle, N.W.
Washington, DC 20005

*First Class Mail*
(Counsel to Official Committee of
Unsecured Creditors)
William S. Katchen, Esquire
Duane Morris LLP
744 Broad Street
Suite 1200
Newark, NJ 07102-3889

*First Class Mail*
(Counsel to DIP Lender)
J. Douglas Bacon, Esquire
Latham & Watkins
Sears Tower, Suite 5800
Chicago, IL 60606

*First Class Mail*
(Counsel to David T. Austern, Future
Claimant's Representative)
Swidler, Berlin, Shereff, Freidman, LLP
Roger Frankel
Richard H. Wyron
Matthew W. Cheney
3000 K Street, NW, Suite 300
Washington, DC 20007

***First Class Mail***
(Counsel to David T. Austern, Future
Claimant's Representative)
Phillips, Goldman & Spence, P.A.
John C. Phillips, Jr.
1200 North Broom Street
Wilmington, DE  19806

W.R. Grace 01/30/06 Supplemental Service
List
Case No. 01-01139
Document No. 114835.1
11 – Hand Delivery
11 – First Class Mail


**HAND DELIVERY**
Mark J. Phillips, Esquire
Jeffrey C. Wisler, Esquire
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
PO Box 2207
Wilmington, DE  19899

**HAND DELIVERY**
Daniel B. Butz, Esquire
Gregory T. Donilon, Esquire
William H. Sudell, Jr. Esquire
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
PO Box 1347
Wilmington, DE  19899

**HAND DELIVERY**
Herbert W. Mondros, Esquire
Kevin Gross, Esquire
Rosenthal, Monhait, Gross & Goddess, P.A.
919 Market Street
Mellon Bank Center, Suite 1401
Wilmington, DE  19801

**HAND DELIVERY**
Bernard G. Conaway, Esquire
Fox Rothschild LLP
919 Market Street, Suite 1300
Wilmington, DE  19801

**HAND DELIVERY**
William E. Chipman, Jr., Esquire
Greenberg Traurig, LLP
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE  19801

**HAND DELIVERY**
David E. Wilks, Esquire
Buchanan Ingersoll PC
The Nemours Building
1007 N. Orange Street, Suite 1110
Wilmington, DE  19801

**HAND DELIVERY**
Kathleen M. Miller, Esquire
Smith, Katzenstein & Furlow LLP
The Corporate Plaza
800 Delaware Avenue
Wilmington, DE  19801

**HAND DELIVERY**
Steven K. Kortanek, Esquire
Klehr Harrison Harvey Branzburg & Ellers
LLP
919 Market St., Suite 1000
Wilmington, DE  19801

**HAND DELIVERY**
Thomas D. Walsh, Esquire
McCarter & English, LLP
919 Market St., Suite 1800
Wilmington, DE  19801

**HAND DELIVERY**
Kevin J. Mangan, Esquire
Monzack and Monaco P.A.
1201 Orange Street, Suite 400
Wilmington, DE  19801

**HAND DELIVERY**
Adam G. Landis, Esq.
Kerri K. Mumford, Esq.
Landis Rath & Cobb, LLP
919 Market Street, Suite 600
Wilmington, DE  19801

**FIRST CLASS MAIL**
David B. Siegel
W. R. Grace and Co.
7500 Grace Drive
Columbia, MD  21044

**FIRST CLASS MAIL**
Robert J. Sidman, Esq.
Tiffany Strelow Cobb, Esq.
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street
PO Box 1008
Columbus, OH 43216

**FIRST CLASS MAIL**
Edward J. Longosz, II, Esq.
Laura G. Stover, Esq.
Eckert Seamans Cherin & Mellott, LLC
1747 Pennsylvania Avenue, NW, Suite 1200
Washington, DC 20006

**FIRST CLASS MAIL**
David S. Rosenbloom, Esq.
McDermott, Will & Emery
227 West Monroe Street
Chicago, IL 60606-5096

**FIRST CLASS MAIL**
Carl Pennicone, Esq.
Wilson Elser Moskowitz Edelman & Dicker
LLP
150 East 42nd Street
New York, NY 10017-5639

**FIRST CLASS MAIL**
Daniel C. Cohn
Christopher M. Candon
Cohn Whitesell & Goldberg LLP
101 Arch Street
Boston, MA 02110

**FIRST CLASS MAIL**
Elizabeth deCristofaro, Esq.
Ford Marrin Esposito Witmeyer & Gleser,
LLP
Wall Street Plaza, 23rd Floor
New York, NY 10005-1875

**FIRST CLASS MAIL**
David K. Foust, Esq.
3030 W. Grand Boulevard
10th Floor – Suite 200
Detroit, MI 48202

**FIRST CLASS MAIL**
Gary Smolker
Alice Smolker
4720 Lincoln Blvd., Suite 280
Marina del Rey, CA 90292-6977

**FIRST CLASS MAIL**
Brian Parker, Esq.
36 South Charles Street
Charles Center South
Suite 2200
Baltimore, MD 21201

**FIRST CLASS MAIL**
Michael S. Etkin, Esq.
Lowenstein Sandler P.C.
65 Livingston Avenue
Roseland, NJ 07068

W.R. Grace Preliminary Injunction 8/22/05 Service List
Case No. 01-01139
Document No. 111050
05 – First Class Mail

**First Class Mail**
Jon L. Heberling
Allan M. McGarvey
McGarvey, Heberling, Sullivan & McGarvey
745 South Main
Kalispell, MT 59901

**First Class Mail**
Tom L. Lewis
Lewis, Huppert & Slovak, P.C.
PO Box 2325
Great Falls, MT 59403-2325

**First Class Mail**
Erik B. Thueson
Thueson Law Office
PO Box 280
Helena, MT 59624

**First Class Mail**
Thomas A. Baiz, Jr.
Attorney at Law
PO Box 1828
Great Falls, MT 59403

**First Class Mail**
Kurt M. Jackson
Hoyt & Blewett, PLLC
PO Box 2807
Great Falls, MT 59403-2807

W.R. Grace Montana Appeal Service List
Case No. 01-1139 (Adv No. A-01-771)
Doc. No. 115085
02 – Facsimile

*Facsimile – 302-467-4450*
(Counsel for Libby Claimants)
Adam G. Landis
Kerri K. Mumford
Landis Rath & Cobb LLP
919 Market Street, Suite 600
P.O. Box 2087
Wilmington, DE 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

*Facsimile – 617-951-0679*
(Counsel for Libby Claimants)
Daniel C. Cohn
Christopher M. Candon
Cohn Whitesell & Goldberg LLP
101 Arch Street
Boston, MA 02110
Telephone: (617) 951-2505
Facsimile: (617) 951-0679