## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | Chapter 11 |
| W.R. Grace & Co., *et al.*, | Case No. 01-01139 (JKF)<br>Adv. Proc. No. 01-771 |
| Debtors. | Jointly Administered |
| Libby Claimants, | |
| Appellants, | C.A.06-00026-RLB |
| v. | |
| W.R. Grace & Co., *et al.*, | |
| Appellees. | |

## REPLY BRIEF OF DEFENDANTS-APPELLANTS

Adam G. Landis (No. 3407)
Kerri K. Mumford (No. 4186)
Landis Rath & Cobb LLP
919 Market Street, Suite 600
P.O. Box 2087
Wilmington, DE 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

Daniel C. Cohn
Christopher M. Candon
Cohn Whitesell & Goldberg LLP
101 Arch Street
Boston, MA 02110
Telephone: (617) 951-2505
Facsimile: (617) 951-0679

March 10, 2006

393.001-11492.doc

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................................. ii

ARGUMENT ....................................................................................................................................1

# TABLE OF AUTHORITIES

## Cases

Danny Kresky Enters. Corp. v. Magid, 716 F.2d 206 (3d Cir. 1983)............................................2

Educational Testing Services v. Katzman, 793 F.2d 533 (3d Cir. 1986) ........................................3

In re Ben Franklin Hotel Assocs., 186 F.3d 301 (3d Cir. 1999)......................................................2

Kontrick v. Ryan, 540 U.S. 443 (2004) ..........................................................................................2

Ortho Pharm. Corp. v. Amgen, Inc., 882 F.2d 806 (3d Cir. 1989)...................................................1

Stetson v. Howard D. Wolf & Assocs., 955 F.2d 847 (2d Cir. 1992) ............................................2


## Statutes

28 U.S.C. § 1292(a) .........................................................................................................................3

Fed. R. Civ. P. 52(a) ........................................................................................................................1

Fed. R. Civ. P. 65(b) ........................................................................................................................2

Fed. R. Civ. P. 65(d) ........................................................................................................................1

Fed. R. Bankr. P. 7065......................................................................................................................2

## **ARGUMENT**

More than 80 days since the Bankruptcy Court improperly enjoined the State Litigation,[1] Grace and the State have filed briefs as appellees evincing a strategy to prolong the unwarranted delay rather than even to attempt defending the appropriateness of the Order.  The Libby Claimants reply as follows:

- Grace's reliance on <u>Ortho Pharm. Corp. v. Amgen, Inc.</u>, 882 F.2d 806, 813 (3d Cir. 1989) is misplaced.  <u>See</u> Grace Brief at p. 5.  While one purpose of a properly entered preliminary injunction may be to preserve the status quo of the case, the preliminary injunction in this case has been entered improperly.  In <u>Ortho Pharm.</u>, the traditional prerequisites for the entry of a preliminary injunction were found by the lower court to exist.  <u>Ortho Pharm.</u>, 882 F.2d at 809.  The Bankruptcy Court made no such inquiry in this instance before enjoining the State Litigation.[2]

- Grace's argument that the Libby Claimants have waived any objection to the form of the injunction (<u>see</u> Grace Brief at pp. 5-7) rests on the unstated, unsupported and transparently nonsensical premise that an objection to the *form* of an injunction as failing to include the specific findings and rulings required by Fed. R. Civ. P. 52(a) and 65(d) is somehow waived even when the entire *substance* of the objector's argument is that the record supplies no basis for the specific findings and rulings necessary to establish the

---

[1] All capitalized terms are used in accordance with the definitions provided to them in the Brief of Defendants-Appellants, which was filed with this Court on February 2, 2006.

[2] <u>Ortho Pharm.</u> is distinguishable from the case at hand for another reason as well.  In <u>Ortho Pharm.</u>, the injunction stayed matters in the instant case from proceeding pending arbitration between the same parties.  <u>Ortho Pharm.</u>, 882 F.2d at 813.  Here, the injunction enjoins the State Litigation from proceeding against a non-debtor third party.

court's jurisdiction or permit entry of the injunction on the merits. Apart from the fact that subject matter jurisdiction is non-waivable, see Kontrick v. Ryan, 540 U.S. 443, 455 (2004), the Libby Claimants have objected—loudly, consistently and on every possible occasion before the Bankruptcy Court and this Court—that the injunction sought by Grace fails to meet the specific criteria required by law to establish the entering court's jurisdiction and to support the injunction on the merits;[3] hence, Grace's argument should be rejected out of hand.[4]

- Contrary to Grace's assertions otherwise, see Grace Brief at pp. 7-10, this Court may consider the full merits of the appeal—the Libby Claimants' assertion that the record before the Bankruptcy Court cannot support either related-to jurisdiction or the merits of the requested injunction—without the need for remand. See In re Ben Franklin Hotel Assocs., 186 F.3d 301, 306 (3d Cir. 1999) ("Because the record has been sufficiently developed for us to resolve this legal issue, we need not remand to the District Court to consider it in the first instance."); see also Stetson v. Howard D. Wolf & Assocs., 955 F.2d 847, 850-51 (2d Cir. 1992) ("An appellate court has the power to decide cases on

---

[3] To support its position, Grace relies on Danny Kresky Enters. Corp. v. Magid, 716 F.2d 206, 214-15 (3d Cir. 1983). But any fair reading of Kresky shows that the inaction in that case is not present here. In Kresky, the opposing party, after having agreed "that a separate evidentiary hearing on the issue of injunctive relief was unnecessary," subsequently argued that the court's preliminary injunction ruling was insufficient. Kresky, 716 F.2d at 214. In this case, it is undisputable that the Libby Claimants have opposed the entry of the injunction on all grounds since Grace first filed the Injunction Motion in the Bankruptcy Court.

[4] To suggest that the Libby Claimants' appeal is somehow "sandbagging" the Bankruptcy Court and Grace is unfounded. See Grace Brief at p. 6. When Grace submitted the Order to the Bankruptcy Court under Certification of Counsel ("COC"), the Libby Claimants required that its position be made known. Specifically, the COC stated: "The [Libby Claimants] assert that the order is reviewable as a preliminary injunction because, whether or not intended by the Court as a preliminary injunction, it has continued beyond the time permissible under Fed. R. Civ. P. 65(b) (as incorporated by Fed. R. Bankr. P. 7065)."

2

appeal if the facts in the record adequately support the proper result.").

- If this Court instead chooses to remand to the Bankruptcy Court, it may do so only after vacating the Order. Educational Testing Services v. Katzman, 793 F.2d 533, 546-47 (3d Cir. 1986) (a reviewing court has no discretion to leave a defective preliminary injunction in place). In arguing to the contrary, Grace offers no explanation why this Court should consider a string cite of decisions from other circuits that directly contravene established Third Circuit precedent. And Grace's only attempt to distinguish Educational Testing from the present case—that Educational Testing "is expressly based on 'the congressional purpose of affording prompt review of preliminary injunction orders expressed in 28 U.S.C. § 1292(a)' . . . which by its plain terms does not apply to appeals from bankruptcy courts to district courts"[5]—rests on the erroneous assertion that Section 1292(a) does not apply to this appeal[6] and the baseless assumption that a different congressional purpose would somehow govern an appeal from a preliminary injunction when such appeal is from the Bankruptcy Court rather than the District Court.

- Since the points raised in the Answering Brief of the State of Montana have already been addressed in the Libby Claimants' Brief of Appellants and the Libby Claimants' Response to Debtors' Motion to Dismiss Appeal, the Libby Claimants will rest on the arguments made therein.

---

[5] See Grace Brief at p. 9 (quoting Educational Testing, 793 F.2d at 547).

[6] See Libby Claimants' Response to Debtors' Motion to Dismiss.

3

Dated: March 10, 2006

LANDIS RATH & COBB LLP

Adam G. Landis (No. 3407)
Kerri Mumford (No. 4186)
919 Market Street, Suite 600
P.O. Box 2087
Wilmington, DE 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

-and-

Daniel C. Cohn, Esq.
Christopher M. Candon, Esq.
COHN WHITESELL & GOLDBERG LLP
101 Arch Street
Boston, MA 02110
Telephone: (617) 951-2505
Facsimile: (617) 951-0679

Counsel for the Libby Claimants

4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>W.R. Grace & Co., *et al.*,<br><br>     Debtors. | Chapter 11<br><br>Case No. 01-01139 (JKF)<br>Adv. Proc. No. 01-771<br><br>Jointly Administered |
| Libby Claimants,<br><br>     Appellants,<br><br>v.<br><br>W.R. Grace & Co., *et al.*,<br><br>     Appellees. | C.A.06-00026-RLB |

### CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2006, I electronically filed the Reply Brief of Defendants-Appellants (the "Reply Brief") using CM/ECF. On February 10, 2006, in addition to the electronic service to participants, I hereby certify that I caused the Reply Brief to be served via hand delivery to the following parties:

**Debtors**

Laura Davis Jones, Esquire
James E. O'Neill, III, Esquire
PACHULSKI STANG ZIEHL YOUNG
JONES & WEINTRAUB
919 Market Street, 17th Floor
Wilmington, DE 19801

**Official Committee of Unsecured Creditors**

Michael R. Lastowski, Esquire
DUANE MORRIS LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801

**Official Committee of Equity Holders**

Teresa K.D. Currier, Esquire
KLETT ROONEY LIEBER & SCHORLING
1000 West Street, Suite 1410
Wilmington, DE 19801

**DIP Lender**

Steven M. Yoder, Esquire
THE BAYARD FIRM
222 Delaware Avenue, Suite 900
Wilmington, DE 19801

**Maryland Casualty Company**

Mark J. Phillips, Esquire
Jeffrey Wisler, Esquire
CONNOLLY BOVE LODGE & HUTZ LLP
1007 N. Orange Street
Wilmington, DE 19801

**The Scotts Co.**

Daniel B. Butz, Esquire
Gregory T. Donilon, Esquire
MORRIS, NICHOLS, ARSHT & TUNNELL
1201 N. Market Street
Wilmington, DE 19801

**Lanier Law Firm Asbestos Claimants**

Bernard G. Conaway, Esquire
FOX ROTHSCHILD LLP
919 Market Street, Suite 1300
Wilmington, DE 19801

**Gamma Holding, NV**

David E. Wilks, Esquire
BUCHANAN INGERSOLL PC
1007 N. Orange Street, Suite 1100
Wilmington, DE 19801

**U.S. Trustee**

Frank J. Perch, Esquire
OFFICE OF THE UNITED STATES TRUSTEE
844 N. King Street
Wilmington, DE 19801

**The Chase Manhattan Bank**

Mark D. Collins, Esquire
Deborah E. Spivack, Esquire
RICHARDS LAYTON & FINGER P.A.
One Rodney Square
Wilmington, DE 19801

**Property Damage Claimants**

Michael B. Joseph, Esquire
FERRY JOSEPH & PEARCE P.A.
824 N. Market Street, Suite 904
Wilmington, DE 19801

**Continental Casualty**

Herbert  W. Mondros, Esquire
Kevin Gross, Esquire
ROSENTHAL MONHAIT GROSS & GODDESS
919 Market Street, Suite 1401
Wilmington, DE 19801

**Exxon/Mobile**

William E. Chipman, Jr., Esquire
GREENBERG TRAURIG LLP
1007 N. Orange Street, Suite 1200
Wilmington, DE 19801

**Allen Plaintiffs**

Kathleen M. Miller, Esquire
SMITH, KATZENSTEIN & FURLOW LLP
800 Delaware Avenue
Wilmington, DE 19801

**Carol Gerard**

Steven K. Kortanek, Esquire
KLEHR HARRISON HARVEY
BRANZBURG & ELLERS
919 Market Street, Suite 1000
Wilmington, DE 19801

**State of Montana**

Kevin J. Mangan, Esquire
MONZACK AND MONACO PA
1201 Orange Street, Suite 400
Wilmington, DE 19801

**James and Julie Holland**

Thomas D. Walsh, Esquire
MCCARTER & ENGLISH LLP
919 Market Street, Suite 1800
Wilmington, DE 19801

**Official Committee of Personal Injury
Claimants**

Marla R. Eskin, Esquire
CAMPBELL & LEVINE, LLC
800 King Street, Suite 300
Wilmington, DE 19801

I hereby certify that on February 10, 2006, I caused to be mailed by the United States

Postal Service, the Reply Brief to following parties:

**Debtors**

David M. Bernick, PC
Janet S. Baer, Esquire
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL 60601

**Official Committee of Personal Injury
Claimants**

Peter Van N. Lockwood, Esquire
CAPLIN & DRYSDALE, CHARTERED
One Thomas Circle, NW
Washington, DC 20005

**W.R. Grace & Co.**

David B. Siegel
W.R. GRACE AND CO.
7500 Grace Drive
Columbia, MD 21044

**Official Committee of Unsecured Creditors**

Lewis Kruger, Esquire
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY 10038

**Official Committee of Property Damage Claimants**

Scott L. Baena, Esquire
Richard M. Dunn, Esquire
BILZIN SUMBERG BAENA PRICE &
AXELROD LLP
200 South Biscayne Blvd., Suite 2500
Miami, FL 33131-5340

**Official Committee of Unsecured Creditors**

William S. Katchen, Esquire
DUANE MORRIS LLP
744 Broad Street, Suite 1200
Newark, NJ 07102-3889

**Maryland Casualty Company**

Edward J. Longosz, II, Esquire
Laura G. Stover, Esquire
ECKERT SEAMANS CHERIN &
MELLOTT LLC
1747 Pennsylvania Avenue, N.W. Suite 1200
Washington, DC 20006

**The Scotts Co.**

Robert J. Sidman, Esquire
Tiffany S. Cobb, Esquire
VORYS, SATER, SEYMOUR & PEASE
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

**Libby Plaintiffs**

Daniel C. Cohn, Esquire
COHN WHITESELL& GOLDBERG LLP
101 Arch Street
Boston, MA 02110

**Official Committee of Equity Holders**

Philip Bentley, Esquire
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, NY 10036

**DIP Lender**

J. Douglas Bacon, Esquire
LATHAM & WATKINS LLP
Sears Tower, Suite 5800
Chicago, IL 60606

**Official Committee of Asbestos Personal Injury Claimants**

Elihu Inselbuch, Esquire
Rita Tobin, Esquire
CAPLIN & DRYSDALE, CHARTERED
375 Park Avenue, 35th Floor
New York, NY 10152-3500

**National Medical Care, Inc.**

David S. Rosenbloom, Esquire
MCDERMOTT, WILL & EMERY
227 West Monroe Street
Chicago, IL 60606-5096

**Continental Casualty**

Elizabeth deCristofaro, Esquire
FORD MARRIN ESPOSITO WITMEYER &
GLESER L.L.P.
Wall Street Plaza, 23rd Floor
New York, NY 10005-1875

**Royal**

Carl Pennicone, Esquire
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP
150 East 42nd Street
New York, NY 10017-5639

**Carol Gerard**

Brian Parker, Esquire
36 South Charles Street, Suite 2200
Baltimore, MD 21201

Gary Smolker
Alice Smolker
4720 Lincoln Blvd, Suite 280
Marina Del Rey, CA 90292-6977

Dated: March 10, 2006

**State of Michigan, Department of Corrections**

David K. Foust, Esquire
3030 W. Grand Boulevard
10th Floor, Suite 200
Detroit, MI 48202

**Keri Evans**

Michael S. Etkin, Esquire
LOWENSTEIN SANDLER P.C.
65 Livingston Avenue
Roseland, NJ 07068

**David T. Austern**

John C. Phillips, Jr. Esquire
PHILLIPS GOLDMAN & SPENCE P.A.
1200 North Broom Street
Wilmington, DE 19806

**LANDIS RATH & COBB LLP**

Kerri K. Mumford (No. 4186)
919 Market Street, Suite 600
P.O. Box 2087
Wilmington, DE 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

Counsel for the Libby Claimants